[L. A. No. 3336. Department One.—December 14, 1914.]

## JAMES H. SCOTT, Respondent, v. W. E. McPHERSON, Appellant.

ACTION FOR DAMAGES—PERSONAL INJURIES—NEGLIGENCE—MOTION FOR NONSUIT—WHEN AMENDMENT TO COMPLAINT ALLOWABLE.—In an action for damages for personal injuries, where the only negligence alleged in the original complaint was that defendant had failed to provide plaintiff, his employee, with a safe and proper place in which to work, but the evidence showed that the only negligence was that of a fellow employee in detaching a piece of steel and allowing it to fall on plaintiff, there was no error; after motion for nonsuit, in allowing plaintiff to amend his complaint by adding allegations as to the negligence of the fellow employee, and denying the motion for nonsuit. Such an amendment in no way changed the cause of action.

ID.—MASTER AND SERVANT—ACT OF APRIL 8, 1911—NEGLIGENCE OF FELLOW-SERVANT NO DEFENSE.—Under the act of April 8, 1911 (Stats. 1911, p. 796), it was not a defense to an action for personal injuries brought by an employee against his employer, that the injury was caused in whole or in part by the want of ordinary or reasonable care of a fellow-servant. The negligence of the fellow-servant was the negligence of the employer under this act.

ID.—PLEADING—AMENDMENT DURING TRIAL—RIGHT OF DEFENDANT TO DEMUR OR ANSWER—CONTINUANCE.—The trial court has the right to allow an amendment to a complaint upon such terms as may be just, and the defendant is entitled to meet the new allegations by demurrer and answer, and also to any time reasonably necessary to enable him to obtain available evidence material to the issue; but where the defendant has set up in his original answer substantially what the amendment to the complaint contains, and no showing of necessity for a continuance of the trial is attempted to be made, there is no error in denying defendant's application for a continuance.

ID.—FELLOW-WORKMEN—RIGHT TO ASSUME OTHER WILL USE CARE— LACK OF CONTRIBUTORY NEGLIGENCE.—A workman on a building has a right to assume that the workmen above him will exercise reasonable care for the safety of those below from injury at their hands; and where a fellow-workman of the plaintiff negligently detached a steel rod and allowed it to drop on plaintiff, who was working below, the latter cannot be charged with contributory negligence in not perceiving and guarding against the danger, where he had no notice or means of notice of the threatened danger.

ID.—EVIDENCE—ERROR WITHOUT PREJUDICE—PLAINTIFF'S FINANCIAL
    CONDITION IMMATERIAL.—In an action for personal injuries alleged
    to have resulted from defendants negligence, it is error to allow
    evidence that plaintiff has no means of support for himself and
    family other than his daily labor, but such error is not prejudicial,
    where the record shows that the trial judge, who tried the case
    without a jury, did not consider the financial condition of the
    plaintiff or the obligation of support of others incumbent on him
    as matters to be considered in fixing the amount of damages.

APPEAL from a judgment of the Superior Court of San
Diego County and from an order refusing a new trial. W. A.
Sloane, Judge.

The facts are stated in the opinion of the court.

Lewis R. Kirby, and J. T. Reed, for Appellant.

Young C. Burkhart, for Respondent.

ANGELLOTTI, J.—Plaintiff brought this action to recover
damages alleged to have been suffered by him by reason of
injuries received while working for defendant in the construc-
tion of a building. The case was tried by the court without
a jury. Judgment was given in favor of plaintiff for the
sum of four hundred dollars. Defendant appeals from such
judgment and from an order denying his motion for a new
trial.

On November 6, 1911, plaintiff was working for defendant
as a carpenter and laborer in the construction of this build-
ing, and at the time of the accident was working in an air
well about three and one-half feet deep and nine and one-half
feet wide. The building had been constructed one story above
the street level, and on the upper floor several men employed
by defendant in the construction of this building were work-
ing. One of these men, T. B. Thompson, was engaged in
cutting off the ends of projecting steel. He was using a saw
for this purpose. Having used the saw on an end projecting
over the air well and not being able to detach it with his
hand, he struck it with a hand ax, thereby breaking it off and
causing it to fall some twenty feet to where plaintiff was work-
ing in the air well. The piece thus detached was from five to
eight inches in length and from one-half to five-eighths of an

inch in thickness. It struck plaintiff on the left shoulder, causing a fracture of the acromion. There was testimony sufficient to support a conclusion that the plaintiff was thereby prevented from following his avocation for a short time and that use of the arm would be premanently impaired to a slight degree.

1. The only negligence on the part of the defendant alleged in the original complaint, which was unverified, was that defendant had failed to provide plaintiff with a safe and proper place in which to work. The answer contained a general denial of all the allegations in the complaint, and set up as defense contributory negligence on the part of plaintiff, and that the injury was caused by the negligence of a fellow-servant of plaintiff. At the close of plaintiff's case defendant moved for a nonsuit, upon the ground, among others, that plaintiff had shown no such negligence on the part of defendant as was alleged in the complaint. The trial judge very correctly took this view of the matter, saying substantially that the only negligence shown by the evidence introduced by plaintiff was that of Thompson, a fellow-servant of plaintiff. He further stated substantially that if such negligence on the part of Thompson was alleged in the complaint as the cause of plaintiff's injury, defendant would be liable therefor to plaintiff if the proof sustained the allegation. In this the trial judge correctly stated the law, in view of the provisions of the act relative to liability of employers for injuries or death sustained by their employees, etc., approved April 8, 1911 (Stats. 1911, p. 796), which was in force at the time of the accident. That act provided, in section 1, that it shall not be a defense that the injury was caused in whole or in part by the want of ordinary or reasonable care of a fellow-servant. He therefore permitted plaintiff to amend his complaint by adding allegations in this behalf, and denied the motion for a nonsuit. A demurrer to the complaint as amended was overruled, and the original answer was allowed to stand as an answer to the complaint as amended. A continuance asked for by defendant in view of the amendment was refused, but the court expressly stated to defendant's counsel that if it was made to appear that a continuance was necessary to enable defendant to obtain the attendance of witnesses to meet the allegations thus added to the complaint, a continuance would be granted.

CLXVIII Cal.—50

There was no error on the part of the court as to any of these matters. The cause of action was in no way changed by the amendment. The action was one for damages for a personal injury suffered because of the negligence of defendant. There was a variance between the allegations and the proof as to what the negligence of the defendant was in the matter. Instead of being his failure to provide a safe and suitable place for plaintiff to work in, it was his negligence in the matter of detaching the end of the steel rod and allowing it to fall upon plaintiff in the place where he was working, for, under the act to which we have referred, Thompson's negligence was his negligence. The trial court had the right to order the complaint to be amended upon such terms as might be just. (Code Civ. Proc., sec. 469.) Of course, defendant was entitled to meet the new allegations by demurrer and answer, which he did, and also to any time reasonably necessary to enable him to obtain available evidence material to the issue of Thompson's negligence. No showing of the necessity for any continuance was attempted to be made, although the trial judge expressly stated that the continuance would be granted, if such a showing were made. It is to be borne in mind that defendant had alleged in his answer as a defense substantially the matters set up by the amendment. It is not suggested even now that defendant was not able to procure or did not procure and introduce all the evidence that he desired to introduce on this issue.

2. It does not appear to be disputed in appellant's brief that the evidence introduced by plaintiff was sufficient to support a conclusion that Thompson was negligent in the matter of detaching the end of the steel rod. We are of the opinion that it was sufficient for this purpose. It is urged, however, that plaintiff was guilty of contributory negligence, in that by the exercise of reasonable care for his own safety, he would have perceived the danger of his situation and guarded himself from injury. We are of the opinion that the conclusion of the trial court that plaintiff was not guilty of contributory negligence at all is fully sustained by the evidence. Apparently he had no reason whatever to imagine that any workman above him would negligently allow a substance capable of injuring him to fall upon him. He had the right to assume that the workmen above would exercise reasonable care for the safety of those below from injury at their hands.

It did not follow from the fact that Thompson was engaged in sawing off the ends of these steel rods that he would allow the portion detached to fall to the ground, and plaintiff had no notice or means of notice of any threatened danger.

3. On the examination of plaintiff, he was asked by his counsel as follows: "I will ask you if you have any support otherwise, for yourself and those dependent upon you, than your daily labor?" This was objected to, and plaintiff's counsel explained his question as follows: "I ask if he had any other means of revenue by which he could support himself and family other than that of his daily labor." The objection was overruled, and the witness answered "No sir." The trial judge expressed the view in regard to another question of somewhat like nature immediately following this, that the testimony was competent for the purpose of showing that he did not have some other occupation that he might follow if his shoulder was lame. This appears to have been the sole reason of the judge in admitting such evidence. He had just previously sustained objections to such questions as "How large is your family," and "Have you any children residing with you in San Diego." We think the objection to the question above set forth should have been sustained. It had no bearing on the matter suggested by the judge and was irrelevant and immaterial to any issue in the case. But we think it is manifest from the record that the trial judge did not consider the financial condition of plaintiff or the obligation of support of others incumbent on him as matters to be considered in fixing the amount of damage. It is to be borne in mind that the action was tried by the court without a jury. The cases cited by appellant are cases in which the jury was substantially instructed by the court that it could consider the financial condition of the plaintiff as an element in determining the amount of damages. We cannot conceive that any injury resulted to defendant by reason of the admission of this evidence, and must hold that the error was without prejudice.

The judgment and order denying a new trial are affirmed.

Shaw, J., and Sloss, J., concurred.