[Civ. No. 6828. First Appellate District, Division One.—May 13, 1929.]

BESS VIRGINIA JENKINS, Petitioner, v. SUPERIOR COURT OF SANTA CLARA COUNTY et al., Respondents.

Dowd & Reagh for Petitioner.

D. T. Jenkins for Respondents.

TYLER, P. J.—This is an original proceeding by *mandamus* to compel respondent Judge to grant leave to petitioner to proceed *in forma pauperis* in a certain action pending in the Superior Court in and for the County of Santa Clara.

It appears from the petition that petitioner is the administratrix of the estate of one Stanley Howard Jenkins, deceased, and that the only asset of said estate is a cause of action for his death. After the filing of a complaint for such alleged wrongful death, petitioner herein made application in the court below for leave to thereafter proceed in such action *in forma pauperis,* setting forth in her petition that the deceased, Stanley Howard Jenkins, left no estate, and that petitioner had no funds except such as she received from her employment, from which she derived the sum of one hundred dollars a month. It further appeared from the petition that the next of kin of the deceased is the petitioner and her brother, Charles Francis Jenkins. No showing was made that the brother was not in a position to advance the costs. It also appeared that petitioner had employed attorneys to represent her in the action upon a contingent basis. Upon the showing made the application was denied on the twenty-eighth day of October, 1927, and the present petition was filed in this court on March 4, 1929, about a year and a half thereafter.

We are of the opinion that respondent herein was justified in denying the petition. Applications for leave to sue *in forma pauperis* are not to be encouraged. Ordinarily the granting or denial of such an application is largely a matter of discretion with the court, and while the granting of the privilege in a deserving case is perfectly just and proper, still it should not be extended by construction beyond its true scope and purpose. Leave should not be granted unless a clear case is made for its exercise. (15 Cyc., p. 236.) Then, again, the present application is not seasonably made. As above set forth, the present petition is presented a year and a half after the denial of the application. This is not the due diligence that the law requires. (15 Cyc., p. 234.)

The writ is denied.

Knight, J., and Cashin, J., concurred.