[Crim. No. 2057. Second Appellate District, Division One.—April 10, 1931.]

## THE PEOPLE, Respondent, v. EDWARD UDELL, Appellant.

Warren L. Williams and Seymour S. Silverton for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

BISHOP, J., *pro tem.*—Appellant, convicted by the court without a jury on two counts charging him with robbery, concedes that the judgments should be affirmed unless the trial court erred in permitting the depositions of the two complaining witnesses to be read into evidence. As timely

and complete objections were made to the reading of these depositions, the question is fairly presented. We are of the opinion that no error was committed.

■ The depositions were of the character authorized by section 686 of the Penal Code to be read "upon its being satisfactorily shown to the court that he (the witness) . . . cannot with due diligence be found within the state". Whether or not due diligence has been shown is a question primarily for the trial court, its decision to be respected unless there is no competent and substantial evidence to support the conclusion. (*People* v. *Crandall*, (1929) 100 Cal. App. 785, 790 [281 Pac. 81], and cases cited.)

■ We do not think it necessary to parade in review the supporting evidence in this case. Its summary occupies some ten pages in appellant's printed brief. It amply supports the trial court's ruling that due diligence to find the absent witnesses had been exercised. That the greatest ·effort to find them was not put forth until near and after the original trial date is an objection which might be made to a continuance, but not to the reading of the depositions after the continuance and a serious search had proven unavailing.

The order denying the motion for a new trial and the judgments are affirmed.

Houser, Acting P. J., and York, J., concurred.