[Crim. No. 1729. First Appellate District, Division Two.—August 18, 1933.]

THE PEOPLE, Respondent, v. ALFRED R. JAMES et al., Appellants.

752

Joseph M. Trusty and Henry J. Kleefisch for Appellants.

U. S. Webb, Attorney-General, and Seibert L. Sefton for Respondent.

NOURSE, P. J.—The two defendants were tried jointly before a jury on an information charging robbery. The verdict was guilty of robbery in the second degree. From the judgment following the verdict and from the order denying their motion for a new trial both defendants have appealed upon a single typewritten record.

The appellants raise two points—the discretion of the trial court in permitting the district attorney to read to the jury testimony of the complaining witness given upon the preliminary hearing, and misconduct of the district attorney in his argument to the jury.

The testimony was read under permission of section 686 of the Penal Code after the prosecution had satisfied the trial court that the complaining witness could not be found within the state. Evidence was received showing that a subpoena had been issued and that a police officer had made diligent search for him at his place of business and at his place

of residence; that the officer had made inquiries and learned that the witness had sold his business and given up his residence; that further search and inquiry failed to produce any information as to where he could be found. Upon this evidence the trial court found that due diligence had been exercised. The appellants merely state that the subpoena should have been issued some days earlier. The whole question of diligence is one for the trial court and its finding thereon cannot be disturbed when, as here, there is substantial evidence to support it. (*People* v. *Fay,* 82 Cal. App. 62, 70 [255 Pac. 239]; *People* v. *Udell,* 113 Cal. App. 356, 357 [298 Pac. 56].)

■ The alleged misconduct is based on the statement of the district attorney in his closing argument in which he denied responsibility for the disappearance of the complaining witness and implied that the defense might know why he was not present. This statement was manifestly made in response to some remark of the defense, but the record does not show what provoked the statement complained of. The suggestion of error does not comply with section 7 of Rule II of the Rules for the Supreme Court and District Courts of Appeal and for that reason cannot be considered. (*People* v. *Bragdon,* 103 Cal. App. 20, 27 [283 Pac. 881].)

■ Furthermore, the trial court immediately instructed the jury not to regard these arguments as evidence and we cannot find that appellants were prejudiced by the occurrence.

The judgment and order are affirmed.

Sturtevant, J., and Ogden, J., *pro tem.,* concurred.