[Crim. No. 2718. Second Appellate District, Division One.—July 26, 1935.]

THE PEOPLE, Respondent, v. ROY B. TIRACORDA, Appellant.

518

Ralph D. Paonessa for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

ROTH, J., *pro tem.*—Before midnight on the tenth day of November, 1934, one Franklin, a cook, was seeking diversion by drinking himself into a state of intoxication in a refreshment establishment on East Fifth Street in the city of Los Angeles. On two occasions during the purchase of drinks he paid for the same in bills of five-dollar denomination. During this time he was being watched by three men named Green, Alberti and Tiracorda (the last named the defendant herein). At midnight he requested the bartender to call a taxi, and thereafter went outside to the curb to enter the cab, which had been either standing outside of the place of business, or which had arrived there in response to a call. The driver of the cab in the meantime entered the place of business to go to the lavatory. As Franklin was in the act of entering the cab, he was set upon by Green and Alberti and soundly thrashed and relieved of cash to the extent of $22. Green and Alberti immediately jumped into an automobile which was parked at the curb, or in the street near the curb, which automobile was owned by Tiracorda, and in which car Tiracorda was sitting at the wheel with one Brady by his side. Tiracorda, as Green and Alberti jumped in, immediately drove away. He was subsequently apprehended and charged with robbery, to which he pleaded not guilty, and also with a prior conviction of robbery in the city of New York on March 25, 1928, which latter offense he admitted.

The cause was tried without a jury. All of the foregoing facts were testified to by Brady, who is admitted to be an accomplice of the crime of robbery charged in the present information. All of the foregoing facts, however, were corroborated by other witnesses unconnected with the crime

in any way, and by statements and admissions of defendant, and the record leaves no doubt that the foregoing *résumé* of events comprise the facts, and such conclusion can be reached without the aid of Brady's testimony.

Brady testified further that some minutes prior to the actual robbery, defendant together with Alberti and Green, in his presence discussed their inability to pay their room rent and fixed upon Franklin as the source of the necessary revenue. Further that, subsequent to the robbery, the money taken from Franklin was divided between all of them, although it does not appear to have been an equal division. These latter facts testified to by Brady are uncorroborated, but they are the only facts which are. Defendant was convicted and appeals from the judgment of conviction and from the order denying his motion for a new trial.

Defendant urges on appeal that the evidence is insufficient to sustain a conviction, which point is based primarily upon the legal proposition that the testimony of an accomplice must be corroborated. (Pen. Code, sec. 1111.) The legal requirement is conceded, but the concession is not pregnant with the suggestion that such corroboration must be overwhelming. It has been held consistently that even slight corroboration is sufficient. (*People* v. *Follette,* 74 Cal. App. 178, 204 [240 Pac. 502] ; *People* v. *Tinnin,* 136 Cal. App. 301, 304 [28 Pac. (2d) 951].) No evidence on this point has been excerpted for our perusal, but nevertheless we have read the entire record, and find that the corroboration is not slight but is ample and convincing.

Defendant also urges that the court erred in permitting the testimony of Franklin given at the preliminary examination to be read in evidence at the trial. It was established at the trial that Franklin could not be located, and we believe without recounting all of the incidents of diligence established by the state, that a showing was made satisfying the requirements of section 686, subdivision 3, of the Penal Code, that the witness "cannot with due diligence be found within the state", as said phrase has been construed by such cases as *People* v. *Land,* 137 Cal. App. 196, 197 [30 Pac. (2d) 433] ; *People* v. *James,* 133 Cal. App. 751, 752 [24 Pac. (2d) 859]. The showing which was found sufficient and recounted

in detail in the report of the last-named case was not any more conclusive than the showing made in the instant case.

The final point asserted by defendant is that statements made by Green and Alberti were improperly read in evidence. The officers who took these statements testified that they were read to defendant, who replied that he did not remember any of the things set forth in either one or both of them, and had nothing to add. He admitted that he drove the car, but stated he had no knowledge of any robbery committed. Whether these statements of defendant constitute such an unequivocal denial as to preclude the admission in evidence of the statements of Green and Alberti for any purpose, we do not decide, since we are satisfied that the evidence is sufficient without them, and that even if erroneously admitted, such error was harmless. (Sec. 4½, art. VI, Const.)

The judgment and order denying motion for new trial are affirmed.

Houser, Acting P. J., and York, J., concurred.