[Crim. No. 2830. Second Appellate District, Division One.—March 12, 1936.]

THE PEOPLE, Respondent, v. JACK LEVINE, Appellant.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

DESMOND, J., *pro tem.*—The appellant was convicted by a jury of second degree robbery. His appeal from the judgment of conviction, "the verdict of the jury", and from order of the trial court denying him a new trial rests upon three grounds: insufficiency of the evidence to sustain a conviction; misconduct of the district attorney; error of the court in permitting to be read to the jury testimony given by a witness at the preliminary hearing, said witness not being present at the jury trial. Since this testimony formed part of the People's case, we pass first upon the objection to its admission.

Jean Mitchell, a companion of defendant at or about the time the complaining witness was robbed and severely beaten, testified at the preliminary hearing that shortly after she left a room in the Edison Hotel, where she had been in the company of the defendants and the complaining witness, both defendants came to her room in a neighboring hotel, Burns with blood all over his hands and with spots of blood on his shoulders, and Levine with little spots of blood on his hands. She further testified that when they went upstairs there was a sum of money "around $19.00 and some cents" on the bed and the two men were dividing it. At the close of Miss Mitchell's testimony, the magistrate inquired whether either defendant, Burns or Levine, wanted to ask any questions of the witness. They were not represented by counsel at the hearing, and each answered, "No". Jean Mitchell was not produced as a witness upon the trial of this cause. An investigator attached to the office of the district attorney testified that he was unable to serve her within the state of California for the reason that she had gone to Seattle on October 21st and had not returned so far as could be determined by inquiry among her friends and at former addresses in Los Angeles. On October 28, 1935, the cause had been set for trial on the 15th of November, and about ten or eleven days before the latter date the investigator had received his subpoena for service. The trial court held that due diligence had been exercised in the premises, and in view of the provisions of section 686 of the Penal Code, and the wide discretion vested in the court in such a situation, we are in no way inclined

to disturb the findings upon this point; on the contrary, we believe the testimony was properly admitted. (See *People* v. *Land,* 137 Cal. App. 196, 198 [30 Pac. (2d) 433]; *People* v. *James,* 133 Cal. App. 751, 753 [24 Pac. (2d) 859]; *People* v. *Noone,* 132 Cal. App. 89, 95 [22 Pac. (2d) 284]; *People* v. *Tiracorda,* 8 Cal. App. (2d) 517 [48 Pac. (2d) 116, 117].)

■ Passing now to the contention of appellant that the evidence adduced in this case was insufficient to sustain a conviction, we have read the entire transcript of the testimony and have noted the typewritten confessions signed by this defendant and by his partner, as well as other incriminating testimony; we have also noted the attempted repudiation of these confessions by both defendants at the time of trial. The verdict of the jury shows conclusively that they did not believe these defendants as witnesses, but preferred to accept the testimony produced by the People pointing to their guilt; testimony which, as has been indicated, was amply sufficient.

■ The district attorney in cross-examining the appellant asked certain questions relating to his association with one of the women members of the drinking party in which all these characters were involved on October 1, 1935, the night of the robbery. Objections were made to these questions and sustained by the court except as to one. That question was as to who used the appellant's room in the Edison Hotel on the night in question. This seems to us a pertinent inquiry, and one that affords no basis for a charge of misconduct. In this connection, we call attention to the fact that misconduct was not charged, nor was there any assignment of error upon that ground during the trial; consequently, under the circumstances presented here, such a charge made for the first time upon appeal has no weight. (*People* v. *Russo,* 133 Cal. App. 468, 474 [24 Pac. (2d) 580]; *People* v. *Wilson,* 76 Cal. App. 688, 701 [245 Pac. 781]; *People* v. *Wong Toy,* 189 Cal. 587, 595 [209 Pac. 543]; *People* v. *Sieber,* 201 Cal. 341, 356 [257 Pac. 64]; *People* v. *Babcock,* 160 Cal. 537, 545 [117 Pac. 549]; *People* v. *MacDonald,* 167 Cal. 545, 551 [140 Pac. 256].)

■ We are not unmindful of the rule stated in *People* v. *MacDonald, supra,* "the want of an assignment should not affect appellant's rights, where such assignment could not have led to the curing of the harm done", but in our opinion this is not such a case. If the questions characterized as

improper were calculated, in the opinion of counsel, to raise a prejudice unjustifiably against his client, we believe that the trial court, upon request made at that time, could and would have given the jury such appropriate and effective instructions as to cause them to disregard the questions. Finally, even if it be conceded that misconduct was committed, we still have a case in which, in our opinion, no miscarriage of justice resulted. Under such circumstances, misconduct does not warrant reversal. (*People* v. *Phelan,* 123 Cal. 551, 570 [56 Pac. 424]; 8 Cal. Jur. 626.)

Judgment and order are affirmed. Since no appeal lies from "the verdict of the jury", the attempted appeal therefrom is dismissed.

Houser, P. J., and Doran, J., concurred.