[Civ. No. 11901.   Second Appellate District, Division Two.—December 3, 1938.]

ADIN ALEXANDER, Jr., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Marion P. Betty for Petitioner.

J. H. O'Connor, County Counsel, S. V. O. Prichard, Assistant County Counsel, and Ned Marr, Deputy County Counsel, for Respondents.

McCOMB, J.—This is a proceeding in *mandamus* to compel respondent court to make an order permitting petitioner to prosecute an action filed by him and now pending in said court without the prepayment of jury fees.

The material facts are:

The petition herein alleged that petitioner had "no means of paying the fees necessary to secure a trial by jury", which allegation was denied in the answer filed by respondents.   At the time of the hearing before this court petitioner testified that his average income for the past year was from $110 to $115 per month.

This is the sole question necessary for determination:

*May the trial court make an order permitting a party who is not an indigent to prosecute an action before a jury without the prepayment of jury fees?*

This question must be answered in the negative. The law is settled in California that only an indigent person has a right to prosecute a civil action *in forma pauperis.* (*Gomez* v. *Superior Court,* 134 Cal. App. 19, 20 [24 Pac. (2d) 859]; *Jenkins* v. *Superior Court,* 98 Cal. App. 729, 730 [277 Pac. 757].) Indigent means destitute of property (Funk & Wagnall's Practical Standard Dictionary, (1938) 586); lacking in what is requisite (vol. V, The Oxford English Dictionary, (1933) 213). In the present case from petitioner's own testimony it appears that he was not indigent, since he was at the time in receipt of an average monthly income of from $110 to $115 and therefore, applying the rule of law above stated, was not entitled to prosecute his action *in forma pauperis.*

For the foregoing reasons the alternative writ heretofore issued is discharged and a writ of mandate is denied.

Crail, P. J., and Wood, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 30, 1939.