[Civ. No. 15075. Second Dist., Div. Two. Mar. 7, 1946.]

SALLYNEIL B. WILSON, Appellant, v. FIRST NATIONAL TRUST AND SAVINGS BANK OF SAN DIEGO, Cross-Defendant and Respondent; CATHERINE C. CROSE, as Administratrix etc., et al., Cross-Complainants and Respondents.

[Civ. No. 15076. Second Dist., Div. Two. Mar. 7, 1946.]

FIRST NATIONAL TRUST AND SAVINGS BANK OF SAN DIEGO, Plaintiff and Respondent, v. SALLYNEIL B. WILSON, Individually and as Executrix etc., Appellant; CATHERINE C. CROSE, as Administratrix etc., et al., Defendants and Respondents.

Romeyn B. Sammons and LeRoy B. Lorenz for Appellant.

William G. Mirow, Newlin, Holley, Sandmeyer & Coleman and A. W. Ashburn for Cross-Defendant and Respondent.

Sheppard, Mullin & Richter and Cameron W. Cecil for Cross-Complainants and Respondents.

McCOMB, J.—Appellant Sallyneil B. Wilson brought an action under section 1060 et seq., of the Code of Civil Procedure against respondent, the First National Trust and Savings Bank of San Diego, as trustee of a declaration of trust dated August 16, 1929, asking the court to declare the rights and duties of the parties thereto with respect to said trust as amended June 30, 1933.

Appellant recovered an interlocutory judgment in the action which was tried before Judge Gould. Thereafter the First National Trust and Savings Bank of San Diego instituted an action against Sallyneil B. Wilson for the purpose of having the parties' rights determined under the above mentioned trust pursuant to three amendments of the declaration of trust. The two cases were subsequently consolidated for the purpose of trial, which trial took place before Judge Charles S. Burnell. In view of the fact that the judgment entered by Judge Gould was merely *interlocutory*, Judge Burnell tried the first action de novo and entered a judgment in each action in favor of respondents. From these judgments the present appeals are prosecuted.

On or about August 16, 1929, Mrs. Crose created a declaration of trust naming the First National Trust and Savings Bank of San Diego as trustee. The trust instrument contained the following provision for distribution of the income from the corpus of the trust:

"The Trustee shall pay the net income derived by it from the trust estate of Juliet Guthrie Wilson, mother of the Trustor, for and during her lifetime.

"Upon the death of Juliet Guthrie Wilson, the Trustee shall pay the net income derived by it from the trust estate to the issue of Juliet Guthrie Wilson living at each income payment date until the termination of this trust, as hereinafter provided."

Paragraph six of the trust instrument reads as follows:

"The Trustor, Edith W. Crose, during her life, upon thirty days' written notice to the Trustee, shall have the right to revoke this trust in whole or in part and to alter or amend the same at any time, and from time to time, by a memorandum in writing delivered to the Trustee, provided such alteration or amendment shall be accepted by the Trustee, and to authorize and direct the Trustee to convey, assign, transfer, pay over or deliver to her order all or any part of the trust estate in such form as it may then exist. Such direction to the Trustee, upon the making of such conveyance, assignment, transfer, payment or delivery shall operate as a revocation of the trust hereby created, as to the property so conveyed, assigned, transferred, paid over or delivered by the trustee."

The trust instrument was amended by Mrs. Crose pursuant to the power contained in paragraph six and a second amendment was made by her on June 30, 1933, which read thus:

"Pursuant to the power and authority reserved in the undersigned in that certain Declaration of Trust, dated August 16, 1929, and known for identification as trust No. 5186, said trust is amended as follows:

"F. Guthrie Wilson, my brother, is about to marry one Sallyneil Braden. In the event said marriage is consummated, and in case said Sallyneil Braden survives F. Guthrie Wilson, then in that event, I direct the trustee shall pay to her for so long as she may live, all of the income to which the said F. Guthrie Wilson would have been entitled had he survived.

"In every other respect said trust is hereby approved, ratified and confirmed.

Edith W. Crose."

At the time of the second amendment Sallyneil Braden (now Mrs. F. Guthrie Wilson) was contemplating marriage to Mr. Wilson. This she did on July 29, 1933. Thereafter Mr. Wilson died and on April 22, 1935, pursuant to the

power contained in paragraph six Mrs. Crose again amended the trust so as to reduce Mrs. Wilson's income from one-half to one-third. On October 20, 1943, Mrs. Crose again amended the trust so as to deprive Mrs. Wilson of any income from the trust. This last amendment read as follows:

"AMENDMENT NO. IV

"To the First National Trust and Savings Bank of San Diego as Trustee under Trust No. 5186:

"Pursuant to the power and authority reserved to the undersigned in Declaration of Trust dated August 16, 1929, and known for identification as Trust No. 5186, those certain amendments thereto known as Amendment No. II dated June 30, 1933, and Amendment No. III dated April 22, 1935, are and each of them is hereby revoked and cancelled.

"It is my intention by this amendment, and I do hereby specifically exclude Sallyneil Braden Wilson, the widow of my brother, F. Guthrie Wilson, from any participation whatsoever in either the income or the corpus of the trust estate, and you are hereby directed henceforth to make no further payments whatsoever to the said Sallyneil Braden Wilson.

"In every other respect said trust and Amendment No. I, dated October 28, 1929, are hereby approved, ratified and confirmed.

"Dated: This 20th day of October, 1943.

Edith W. Crose."

There are three questions presented for our determination which will be stated and answered seriatim:

■■ First: *Was the judgment of Judge Gould an interlocutory judgment?*

This question must be answered in the affirmative. In the first action instituted, that is, the action filed by appellant against the First National Trust and Savings Bank of San Diego in which Judge Gould subsequently entered an interlocutory judgment, the defendant First National Trust and Savings Bank of San Diego sought a writ of prohibition from the Supreme Court which the Supreme Court denied, referring to Judge Gould's judgment as an *interlocutory judgment* and not a final judgment. (*First Nat. etc. Bk.* v. *Superior Court*, 19 Cal.2d 409, 413-414 et seq. [121 P.2d 729].) Therefore it has become the law of the case that such judgment was an interlocutory judgment, and after Judge Burnell retried the action de novo, as it was his duty to do in view of the

decision in *Hughes* v. *DeMund,* 96 Cal.App. 365, 368 [274 P. 405], Judge Gould's interlocutory judgment became of no force or effect. Hence there is no merit in appellant's contention that the interlocutory judgment of Judge Gould is res judicata of facts subsequently found by Judge Burnell.

■ Second: *Were the amendments to the trust valid and binding?*

This question must be answered in the affirmative. Paragraph Six of the trust agreement expressly provided that the trustor might ''at any time and from time to time'' amend the trust agreement provided that the trustee accept such amendment. In the instant case the trustee accepted each of the amendments of the trustor. Therefor the trial court properly held that appellant was entitled to receive one-third of the net income from the date of her husband's death, December 14, 1940, until October 21, 1943, at which time an amendment was made to the trust providing that appellant should receive no further income from the trust estate.

■ Third: *Did the trial court err in refusing to strike the answer of defendant First National Trust and Savings Bank of San Diego to plaintiff's complaint and supplemental complaint?*

This question must be answered in the negative. Judge Gould on March 26, 1943, ordered a supplemental complaint to be filed by which Edith W. Crose, not a party to the original complaint, was made a party to the trustee's accounting. To the supplemental complaint and the complaint the defendant First National Trust and Savings Bank of San Diego filed an answer which appellant asked the trial court to strike from the file. This motion was denied. The ruling was not erroneous since the law is established that when a plaintiff amends his complaint in a material matter defendant has a right to plead de novo to the amended complaint. (*Stack* v. *Welder,* 3 Cal.2d 71, 75 et seq. [43 P.2d 270].) Clearly the amendment making Mrs. Crose a party was a material amendment and the trial court's ruling was correct.

For the foregoing reasons the judgment and orders are and each is affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied March 18, 1946.