[Civ. No. 18385.   Second Dist., Div. Two.   Mar. 19, 1952.]

RALPH GRIFFIN et al., Appellants, v. INTERNATIONAL
LONGSHOREMEN'S AND WAREHOUSEMEN'S
UNION, LOCAL 1-13, et al., Respondents.

Edward S. Cooper for Appellants.

George E. Shibley for Respondents.

McCOMB, J.—From a judgment in favor of defendants predicated upon the sustaining of a demurrer without leave to amend to plaintiffs' fourth amended petition. for a writ of mandate to compel defendants to reinstate plaintiffs in the union, plaintiffs appeal.

*Chronology:*

i. November 15, 1948, the original petition herein was filed in which plaintiff Griffin alleged that on April 16, 1946, he and other unidentified members were wrongfully expelled from defendant union;

ii. January 4, 1949, an amended petition was filed containing a claim for damages;

iii. March 30, 1949, a demurrer to the first amended petition was sustained with leave to amend;

iv. April 11, 1949, a second amended petition was filed;

v. May 9, 1949, a demurrer was sustained to this petition with leave to amend;

vi. May 19, 1949, a third amended petition was filed wherein some of the present plaintiffs were joined as parties; defendants filed an answer to this petition;

vii. May 8, 1950, plaintiffs' motion for leave to file a fourth amended petition was granted; and

viii. July 27, 1950, demurrer to the fourth amended petition was sustained without leave to amend, resulting in the present appeal.

*Questions:* First: *Does the fourth amended petition show upon its face that the alleged causes of action are barred by laches?*

*Yes.* The following rules are applicable:

█ (1) The defense of laches can be raised by demurrer where the laches is apparent upon the face of the petition or complaint. (*King* v. *Los Angeles County Fair Assn.,* 70 Cal.App.2d 592, 596 [4] [161 P.2d 468].)

(2) The application of the doctrine of laches depends upon the facts and circumstances in each case. (*King* v. *Los Angeles County Fair Assn., supra.*)

In the present action it is apparent upon the face of the record plaintiffs are guilty of laches. The original petition was not filed until two years and seven months had passed after the alleged wrongful acts of defendants, and it was more than four years after such alleged acts that plaintiffs filed the fourth amended petition.

Nothing is alleged in the pleading to show any excuse or reason for such long delay.

It is evident that this was prejudicial to defendants' rights because plaintiffs are seeking large sums of money by way of damages, which amount would be very much greater if the action were tried at this late date than if it had been promptly instituted and tried. The foregoing conclusion is in accord with the adjudicated cases.

In *Newbury* v. *Civil Service Com.,* 42 Cal.App.2d 258 [108 P.2d 745] (hearing denied by the Supreme Court) it was held that a petition for a writ of mandate seeking appointment to a municipal position was barred by laches. It appeared that petitioner waited for more than a year and a half after he knew that another had been appointed to the position before he sought relief.

In *Hayman* v. *City of Los Angeles,* 17 Cal.App.2d 674 [62 P.2d 1047], (hearing denied by the Supreme Court) petitioner waited for more than nine months before taking action to obtain a position as motor truck driver in a municipal department. The court held that his claim was barred by laches; Mr. Justice Shinn, speaking for the court saying at page 680, "The law is well settled that one who seeks the remedy of *mandamus* to compel his reinstatement to a civil service position from which he has been dismissed must act promptly."

In *Jenkins* v. *Superior Court,* 98 Cal.App. 729 [277 P. 757], the court held an application for a writ of mandate predicated upon facts which had occurred a year and a half before was properly denied on the ground the relief had not been diligently and reasonably sought.

A like result was reached in *King* v. *Los Angeles County Fair Assn., supra,* wherein relief was not sought until more than two years after the facts and circumstances alleged to have given rise to the cause of action had taken place.

It was held that the alleged cause of action was barred by laches.

Paintiffs' contention that defendants have waived their right to rely upon the doctrine of laches because they did not oppose the filing of the fourth amended petition is devoid of merit. ■ When an amended complaint or petition is filed a defendant has a right to plead de novo. (*Wilson* v. *First Nat. Trust & Sav. Bank,* 73 Cal.App.2d 446, 449 [1, 2] [166 P.2d 593]; *Scott* v. *McPherson,* 168 Cal. 783, 786 [145 P. 529].)

■■ Second: *If the fourth amended petition is considered as alleging a cause of action predicated upon a claim as violating the public policy of the State of California, were plaintiffs' causes of action barred by the statute of limitations?*

*Yes.* It is alleged for the first time in the fourth amended petition filed more than four years after the alleged acts of discrimination took place that defendants expelled plaintiffs from the union because of the fact that they were Negroes. If such were the fact it would be contrary to public policy of the nation and this state. (*James* v. *Marinship Corp.,* 25 Cal.2d 721, 739 [155 P.2d 329, 160 A.L.R. 900].)

However such a cause of action must be instituted within four years after it arises, otherwise it is barred by the statute of limitations. (Code Civ. Proc.,* § 343.)

In the present case plaintiffs' claim predicated upon such cause of action is barred.

Affirmed.

Moore, P. J., and Fox, J., concurred.

---

*Section 343, Code of Civil Procedure reads:
"An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." (The relief here sought is not otherwise provided for.)