478 F.2d 1118
 5 Fair Empl.Prac.Cas. 1134, 5 Empl. Prac.
Dec. P 8598
Ralph GRIFFIN and Robert E. Keele, Appellants,
v.
PACIFIC MARITIME ASSOCIATION and Local 13, International
Longshoremen's and Warehousemen's Union, Appellees.
 No. 72-2117.
 United States Court of Appeals,
Ninth Circuit.
 April 25, 1973.
 
 Erwin Morse, Herbert E. Selwyn, Selwyn, Capalbo & Morse, Los Angeles, Cal., for appellants.
 Kenneth W. Anderson, Kenneth E. Ristau, Jr., Gibson, Dunn & Crutcher, Los Angeles, Cal., George E. Shibley, (for Local 13, ILWU), Long Beach, Cal., for appellees.
 Before MERRILL, ELY, and WRIGHT, Circuit Judges.
 PER CURIAM:
 
 
 1
 A group of longshoremen appeal from an order granting summary judgment in favor of their union and certain employers.
 
 
 2
 The longshoremen complain that in 1946, they were "deregistered" by the union and prevented from pursuing their trade until, several years later, they were allowed to reregister. They alleged that the 1946 layoff was racially motivated and contend that the blacks and Mexican-Americans who were deregistered are entitled to receive credit (towards seniority and vacation, automation and pension pay) for the periods during which they did not work, 1946 to 1948-51.
 
 
 3
 On multiple grounds the District Court held that it was not required to reach the merits of the claim. We agree with the District Court that the action was barred by reason of the passage of time and the appellants' failure to exhaust another remedy. We make no judgment on the merits of the claim. Nor do we announce an opinion as to the correctness of the other grounds upon which the District Court rested its decisions.
 
 
 4
 The longshoremen alleged jurisdiction by reason of both the 1866 Civil Rights Act, 42 U.S.C. Secs. 1981, 1985 and the 1964 Civil Rights Act, 42 U.S.C. Sec. 2000e.
 
 The 1866 Act
 
 5
 The pertinent provisions of the 1866 Civil Rights Act prescribe no period of limitations; hence, the most nearly analogous state period of limitations applies. See, e. g., United Automobile Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); Young v. International Tel. & Tel. Co., 438 F.2d 757, 763 (3d Cir. 1971).
 
 
 6
 The most nearly applicable California statutes prescribe limitation periods not exceeding four years. See Cal.Code Civ.P. Secs. 337, 338(1) (West 1972 Supp.) & 343 (West 1954). If any one of these statutes governs the longshoremen's Sec. 1981 and Sec. 1985 actions, the filing of the complaint was decidedly tardy.
 
 
 7
 The longshoremen advance two reasons why the statute of limitations should not be held to have commenced to run from 1946 or thereabouts.[1] First, they argue that the pension and fringe benefits were not fully ascertainable until sometime later, and they contend that their cause of action resides in their 1966-71 contract. We recognize that there may be cases in which a legal wrong has no significantly compensable consequences until the occurrence of a subsequent event. But we need not now decide whether, in such instances, the period of limitations should be considered to commence from the date of that event. Here, the perceivable effects of the alleged wrong were substantial at the outset. In 1948, one of the appellants in this case instituted suit in the California courts, seeking to regain union membership and employment. That suit presented the precise central issue that is now presented here and was decided adversely to the appellant Griffin. Griffin v. International Longshoremen's and Warehousemen's Union, 109 Cal. App.2d 823, 241 P.2d 552 (1952). And, in 1965, 33 longshoremen filed a grievance based on their 1946 deregistration and unsuccessfully resorted to arbitration.
 
 
 8
 Second, the appealing longshoremen contend that by refusing to credit them with the years lost after 1946, appellees are now committing a discriminatory act. We are not unmindful of certain cases wherein the theory of continuing discrimination has been upheld. See, e. g., Love v. Pullman Co., 404 U.S. 522, 524, 92 S.Ct. 616, 30 L.Ed.2d 679 n. 3 (1972); Cox v. United States Gypsum Co., 409 F.2d 289 (7th Cir. 1969). A layoff, by itself, however, is not such a continuing act. See Developments in the Law-Employment Discrimination and Title VII of the Civil Rights Act of 1964, 84 Harv.L.Rev. 1109, 1211 (1971). Furthermore, in the present case, the only manner in which the appellants could have possibly established their claim was by evidence as to what motivated the 1946 act of deregistration and the subsequent, although short-lived, refusal to allow reregistration.[2] In these circumstances, the District Court properly held that the claims under 42 U.S.C. Secs. 1981 and 1985 were barred by reason of the lengthy lapse of time.
 
 The 1964 Act
 
 9
 Unlike the 1866 Act, Title VII of the 1964 Civil Rights Act contains provisions that effectively operate to create a limitations period. An aggrieved party may sue in the District Court only if he has first filed charges with the Equal Employment Opportunity Commission (EEOC) within 90 days from the occurrence of the alleged violation, and the suit must be filed within thirty days from receipt of a notice of failure of conciliation from the EEOC. 42 U.S.C. Sec. 2000e-5(a) & (d).
 
 
 10
 When a state has prohibited the unlawful practice alleged and has provided an agency "to grant or seek relief," additional administrative recourse is a prerequisite to private suit. The state agency must be notified, and the charge with the EEOC must be filed no later than thirty days after the state investigation is completed.[3] 42 U.S.C. Sec. 2000e-5(b) & (d). See Love v. Pullman, supra.
 
 
 11
 California has established the remedies contemplated in Sec. 2000e-5(b). See California Fair Employment Practice Act, Cal.Labor Code Sec. 1410 et seq. (West 1971).
 
 
 12
 The appellants have never filed charges with the state agency or with the federal commission. They explain their failure to have done so on the theory that exhaustion of these remedies would have been futile because these agencies would merely have required them to seek arbitration. In advancing this argument, the appellants misconceive the role of the EEOC.[4] Moreover, even after their unsuccessful recourse to arbitration, the longshoremen did not pursue the administrative remedies specified in Title VII.[5] Having failed to comply with the requirements of 42 U. S.C. Sec. 2000e-5(a) & (b), the appellants may not, at this late date, maintain action under the Civil Rights Act of 1964.
 
 
 13
 Affirmed.
 
 
 
 [1]
 The suggestion that appellees were estopped from asserting the statute of limitations as a defense has no merit whatsoever
 
 
 [2]
 On the face of it, denial of fringe benefits under the 1966-71 contract is a racially neutral act. At least half of the longshoremen deregistered in 1946 were Caucasian, and all had lower seniority than those not deregistered. There is no claim that the deregistered men have been the victims of discrimination since their reregistration, except inasmuch as they lost credit for their years outside the union
 
 
 [3]
 Title VII does not specify how long a person may delay the filing of charges with the state agency. In California, one is allowed a period of one year from the occurrence of the allegedly unlawful act within which to file his claim with the state commission. Cal.Labor Code Sec. 1422 (West 1971)
 
 
 [4]
 There is no jurisdictional bar to invoking Title VII remedies and the arbitration process independently. See Newman v. Avco Corp., 451 F.2d 743 (6th Cir. 1971); Hutchings v. United States Industries, Inc., 428 F.2d 303, 311-14 (5th Cir. 1970); Bowe v. Colgate-Palmolive Co., 416 F.2d 711, 714-715 (7th Cir. 1969). But see Alexander v. Gardner-Denver Co., 466 F.2d 1209 (10th Cir. 1972). And our court has held that there is no requirement that all conceivable state remedies be exhausted prior to the institution of a Title VII suit. Crosslin v. Mountain States Tel. & Tel. Co., 422 F.2d 1028, 1031 (9th Cir. 1970)
 
 
 [5]
 Cf. Culpepper v. Reynolds Metal Co., 421 F.2d 888 (5th Cir. 1970)