[No. 15083.   Department Two.—August 11, 1893.]

JAMES GAMBLE, RESPONDENT, *v.* DWIGHT K. TRIPP
ET AL., APPELLANTS.

| 99 | 223 |
|-----|-----|
| 131 | 384 |
| 99 | 223 |
| 142 | 320 |

BILL OF EXCEPTIONS—GENERAL SPECIFICATION OF INSUFFICIENCY OF EVIDENCE—CONFLICTING EVIDENCE.—Where the only specifications in a bill of exceptions, as to the insufficiency of the evidence to justify the findings, are "that the court erred in finding that the allegations of the plaintiff's complaint were true, and all the denials and allegations of the defendant's answer were untrue, inasmuch as the testimony does not disclose such a state of facts," and "that the findings are not borne out by the testimony, fraud, and misrepresentation in law having been proven by the defendant and his witnesses," such specifications are insufficient to meet the requirements of the code, and the findings cannot be reversed on that ground; neither could they be reversed where the evidence is conflicting, and there is evidence to sustain the findings, even if the specifications were sufficient.

NOTE GIVEN FOR SHARES OF STOCK—FRAUD—RESCISSION—RESTITUTION.—Where the consideration of a note is shares of stock in a corporation, which the maker of the note alleges that he was induced to purchase by fraudulent representations of the payee, and it appears that the shares of stock had a market and supposed real value at the time of the sale, the maker of the note could only rescind his contract by doing so promptly upon discovering the facts entitling him to rescind, and by restoring or offering to restore to the payee of the note everything of value received under the contract.

ID.—DELAY IN RESCISSION.—Where in an action on the note, rescission of the contract was sought by the defendant in his answer, and the court found that no offer of rescission was made until after the commencement of the action, and it appears that more than four and a half months elapsed between the time of the defendant's alleged discovery of fraud and his offer to rescind, he is barred of rescission by the delay, in the absence of an excuse shown therefor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*Galpin & Zeigler*, for Appellants.

The note having been secured by false representations was void. (*Kellogg* v. *Steiner,* 29 Wis. 626; *Corby* v. *Wedlle,* 57

Mo. 452; *Munson* v. *Nichols*, 62 Ill. 111, *Woods* v. *Hynes*, 1 Scam. 103; *Harrington* v. *Stratton*, 22 Pick. 510.) A contract to pay for stock worthless at the time of sale will not be enforced. (*Chanter* v. *Leese*, 5 Mees. & W. 698; *Kempson* v. *Saunders*, 4 Bing. 5; *Rice* v. *Goddard*, 14 Pick. 293; *Gifford* v. *Carvill*, 29 Cal. 589; *Parish* v. *Stone*, 14 Pick. 198; 25 Am. Dec. 378.),

*W. H. L. Barnes*, for Respondent.

BELCHER, C.—On the twenty-ninth day of July, 1875, the defendant, Dwight K. Tripp, executed and delivered to the plaintiff his promissory note for $5,885, payable sixty days after date, with interest at the rate of one per cent per month from maturity until paid. The consideration for the note was the sale by the payee to the maker of 2,140 shares of the capital stock of the Western Savings and Trust Company, a corporation organized under the laws of this state, and doing a banking business in the city and county of San Francisco; and to secure payment of the note, the certificates of the stock were left with the said company in pledge for the plaintiff.

On the 15th of February, 1876, the plaintiff commenced this action to recover the amount due on the note, and to obtain a decree directing the sale of the said stock and the application of the proceeds of the sale to the payment of the judgment.

On the 29th of the same month, the defendant Tripp filed his answer to the complaint, alleging that to induce him to purchase the said stock and for the purpose of defrauding him, the plaintiff made to him certain representations and statements as to the condition and affairs of the said company, which were false, fraudulent, and untrue, and known by the plaintiff to be so at the time they were made, and that relying upon such representations and statements he was induced to purchase the said stock and in payment thereof to execute the said note; and also alleging, "that as soon as he became fully informed of the condition and situation of the said Western Savings and Trust Company, and of the false and untruthful and fraudulent statements of the said plaintiff, he notified him thereof, and offered to surrender and deliver to him the said 2,140 shares of stock, and demanded the return of said note given therefor,

revoking and rescinding his said agreement"; and the prayer was "that the contract existing between defendant and plaintiff sued upon be rescinded, and that the said plaintiff be ordered to surrender said note to this defendant, and that the said co-defendant, Western Savings and Trust Company, be directed to surrender and deliver to said plaintiff the said 2,140 shares of stock," and for general relief.

The case was tried in December, 1891, and the court, among other things, found "that all the allegations and averments of the plaintiff's complaint are true, and all the denials and allegations of the defendant's answer are untrue; that the plaintiff did not at or before the making and delivery to him by defendant of said promissory note, or ever, make to the defendant any representations or statements which were false, fraudulent, or untrue, or made for the purpose of defrauding the defendant, or that the defendant was induced to or did rely upon such alleged false and fraudulent representations or statements in respect to said Western Savings and Trust Company, or any or either of them; that the defendant after the commencement of this action, and not before, offered to rescind said transaction and to return to plaintiff said 2,140 shares of said capital stock of said company, and demanded the return to him of said promissory note"; and as a conclusion of law that the plaintiff was entitled to judgment as prayed for in his complaint.

Judgment was accordingly entered in favor of the plaintiff for the amount due on the note for principal and interest, aggregating $17,404.05, and for costs of suit, and also directing a sale of the stock and the application of the proceeds to the payment of the amount found due.

From this judgment the defendant appealed and has brought the case here on a bill of exceptions.

1. The appellant contends that the findings were not justified by the evidence, and hence that the judgment should be reversed. The only specifications found in the bill of exceptions as to the insufficiency of the evidence to justify the findings are as follows: "That the court erred in finding that the allegations of the plaintiff's complaint were true, and all the denials and allegations of the defendant's answer were untrue, inasmuch

as the testimony does not disclose such a state of facts." "That the findings are not borne out by the testimony, fraud, and misrepresentation in law having been proven by the defendant and his witnesses." These specifications are clearly insufficient to meet the requirements of section 648 of the Code of Civil Procedure, and the judgment cannot therefore be reversed on this ground. If it were otherwise, however, the same result would necessarily follow. The evidence was conflicting in many respects, but that introduced by the plaintiff was amply sufficient to justify the findings.

2. The appellant further contends that the stock when transferred to him was of no value, and hence that there was no consideration for the note, and he had a right to rescind the transaction without returning the certificates. In support of this position counsel cite *Gifford* v. *Carvill*, 29 Cal. 589.

The case cited was an action upon two promissory notes given for a part of the purchase-money for shares of stock in a mining company, and the defense was that the defendant was induced to purchase by the false and fraudulent representations of the plaintiff as to the value of the mines owned by the company issuing the stock. The court, speaking of the rescission of contracts, said: "When the article is absolutely valueless for any purpose, it is not necessary to return it. This is on the ground that an article absolutely without any value is not the subject of a contract — that it cannot afford any consideration for a promise, and the contract is *nudum pactum* — absolutely void, *ab initio*, for want of a consideration to support it. But it is not enough that it shall be without value to the defendant. If it *is* or *may be* of *any* value to *either* party, or if the detention would produce any loss or injury to the other party, the contract must be rescinded, and the property returned within a reasonable time after the discovery of the fraud."

In this case there was no averment in the answer, or proof at the trial, that the stock sold by plaintiff to defendant was of no value at the time of the sale. On the contrary, it appears to have had a market and a supposed real value at that time. This being so, the defendant could only rescind his contract by doing so promptly upon discovering the facts which entitled him to rescind, and by restoring or offering to restore to the

plaintiff everything of value which he had received under the contract.   (Civ. Code, sec. 1691.)

The defendant testified: " I believed when I bought the stock that the bank was sound and doing a legitimate banking business, as I was induced to believe from plaintiff's representations to me, and I accepted the position as director of the company or bank.   In the course of a short time, and before my note became due, I discovered the true condition of the bank, and that the representations made by the plaintiff were false and untrue."

The note became due on the 27th of September, and the discovery was therefore before that time.   The court found in effect that the defendant made no offer to rescind until after the commencement of the action; and this finding is not assailed. More than four and a half months then elapsed between the time of defendant's alleged discovery and his offer to rescind. This, in the absence of some excuse shown for the delay, was certainly not the prompt action required by the code, and therefore cannot be availed of.

We advise that the judgment be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J.