[No. 15068.    Department Two.—August 22, 1893.]

G. A. MARTEN, APPELLANT, v. PAUL O. BURNS WINE COMPANY ET AL., RESPONDENTS.

CONTRACTS — PURCHASE OF STOCK OF CORPORATION — FRAUD — RESCISSION — RESTORATION OF DIVIDEND. — A rescission of a contract of purchase of the stock of a corporation, upon the ground that the purchase was induced by false and fraudulent representations as to the profits of its business and value of its stock, can not be made without an offer to return or account for a dividend upon the stock received by the purchaser from the corporation.

ID. — RATIFICATION OF CONTRACT—DISCOVERY OF FRAUD—SUBSEQUENT ACTION AS STOCKHOLDER — PAYMENT OF ASSESSMENT. — Where the purchaser of the stock upon the day of his alleged discovery of the facts constituting the fraud of the vendor in inducing the purchase, voted in a stockholders' meeting for the levy of an assessment upon the capital stock, and subsequent to that day attended another stockholders' meeting, and afterwards paid the assessment upon his stock without objection, such action is in effect an affirmance and ratification of the contract after full knowledge of the fraud.

ID. — DELAY IN OFFER TO RESCIND — MANDATORY STATUTE. —Subdivision 1 of section 1699 of the Civil Code, providing that the party rescinding a contract must do so "promptly upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind," is mandatory as to the promptitude required, except as to the cases therein enumerated, and others where a sufficient showing is made in excuse of the delay, and where there is no excuse therefor, a delay of three months in an offer to rescind a purchase of stock, after discovery of the facts constituting fraud in the purchase, is sufficient to prevent a rescission.

ID. — IMPROPER DEMAND FOR RETURN OF ASSESSMENT PAID. — A demand by the purchaser of the stock as a condition of rescission that the vendor of the stock should return to the purchaser the amount of the assessment, which he voted for and voluntarily paid with full knowledge of the facts constituting the fraud, is fatal to the validity of the offer to rescind.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*John H. Yoell,* for Appellant.

*S. F. Leib,* for Respondents.

The laches of plaintiff in offering to rescind is fatal to his cause of action. (*Cobb* v. *Hatfield,* 46 N. Y. 537; *Bailey* v. *Fox,* 78 Cal. 396, 397; *Burkle* v. *Levy,* 70 Cal. 250; *Hammond* v. *Wallace,* 85 Cal. 530; 20 Am. St. Rep. 239; *Arnold* v. *Hagerman,* 45 N. J. Eq. 186; 14 Am. St. Rep. 712; *Foley* v. *Crow,* 37 Md. 52; *Hall* v. *Fullerton,* 69 Ill. 450; *Ogilvie* v. *Knox Ins. Co.,* 22 How. 388–391; Civ. Code, sec. 1691,

subd. 1.)   The failure of plaintiff to return or offer to return the dividend received was fatal to his claim of rescission.   (Civ. Code, sec. 1691, subd. 2; *Wilson* v. *Sturgis*, 71 Cal. 229, and cases cited.)   Plaintiff having voluntarily voted for and paid his assessment thereby affirmed the contract.   (*Cobb* v. *Hatfield*, 46 N. Y. 536, 537; *Schiffer* v. *Dietz*, 83 N. Y. 307, 308; *Arnold* v. *Hagerman*, 45 N. J. Eq. 186; 14 Am. St. Rep. 712; *Foley* v. *Crow*, 37 Md. 54.)

FITZGERALD, J.—This action was brought to recover four thousand dollars and interest, paid by plaintiff to the defendant corporation for five thousand shares of its capital stock.   The recovery is sought upon a rescission of the contract of sale, on the ground that plaintiff was induced to make the purchase by the false and fraudulent representations of the defendant as to the profits of its business and the value of its stock.   The stock was purchased in March, 1887, and the alleged discovery of the facts constituting the fraud complained of was made January 20, 1890, and the attempt to rescind was made on April 23, 1890. Defendant had judgment and plaintiff appeals therefrom, and also from the order denying his motion for a new trial.

Upon the question of rescission, which is the only one necessary to be determined on this appeal, the court in its decision found in effect, that at the time of the purchase of the stock by plaintiff he had full knowledge of the true value thereof, and of the resources, liabilities, assets, and actual condition of the, defendant corporation; that the stock when purchased by plaintiff was worth the price paid for it, and that he never discovered any fact or facts constituting fraud by defendant; that after plaintiff purchased his stock he received a dividend of one hundred dollars thereon, and on the twentieth day of January, 1890, was present at a stockholders' meeting of the defendant corporation, and voted for an assessment of five cents per share or two hundred and fifty dollars upon his stock, and on March 19, 1890, he voluntarily paid the same.

On April 23, 1890, having prior thereto dealt with and claimed said stock as his own, plaintiff demanded of defendant that it pay to him the four thousand dollars paid by him for the stock and the two hundred and fifty dollars paid by him on

said assessment, and thereupon offered to return the stock so purchased to defendant, but without deducting or offering to deduct or accounting in any way for the one hundred dollars received by him as dividend thereon. Upon these facts, which must be taken as undisputed, as the findings thereof are not attacked by the specifications, it follows that plaintiff was not in a position to rescind; but conceding, as he alleges, that he did not discover the facts constituting the fraud complained of until the twentieth day of January, 1890, it appears that on that day he was present at a stockholders' meeting of the defendant and voted for the levy of' an assessment on the capital stock thereof, and that subsequent to that day he attended another meeting of the stockholders, and, afterwards, on March 19th following, he paid the assessment so levied without objection. This was in effect an affirmance of the contract which plaintiff will not be permitted to disaffirm after having with full knowledge of the fraud dealt with the subject-matter thereof under circumstances and to an extent that amount to a ratification.

It further appears that he did not offer to rescind until April 23, 1890, more than three months after his alleged discovery of the fraud. Subdivision 1 of section 1691 provides that the party rescinding must do so "promptly upon discovering the facts which entitle him to rescind if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind." The language of this section, except as to the cases therein enumerated, and in others where a sufficient showing for the delay is made, is mandatory as to promptitude by the defendant upon the discovery of the fraud, and as the case before us is not embraced within these exceptions, we are of the opinion that plaintiff was too late in making his offer to rescind; but assuming that he was in time, subdivision 2 of the same section provides "that he must restore to the other party everything of value which he received from him under the contract; or must offer to restore the same upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so."

It appears that plaintiff in his offer to rescind did not then, or at any time thereafter, offer to return or account for the one

hundred dollars dividend received by him from the defendant on his stock. This was fatal to the validity of the offer for the reason that he was bound upon a rescission of the contract to restore to the defendant everything of value which he received from it thereunder so as to place the parties in *statu quo,* and for him to withhold any part thereof would be "incompatible with rescission" within the meaning of this section. The restoration or offer to restore the dividend received was absolutely indispensable in order to put the parties in the position they were in before the making of the contract, and anything less than this would not amount to a rescission of the contract *in toto,* without which plaintiff could not recover in this action.

There is another objection to the offer to rescind which is equally fatal to its validity, and that is plaintiff's demand as a condition of rescission that defendant return to him the two hundred and fifty dollars assessment which he voted for and afterwards voluntarily paid with full knowledge of the alleged fraud.

The errors principally relied upon by appellant for a reversal of the judgment, relate to the rulings of the court in sustaining defendant's objection to evidence offered by plaintiff of conversations had by him with officers of the corporation with reference to the value of the stock prior to its purchase by plaintiff, and of striking out upon defendant's motion, after its admission against its objection, a newspaper article claimed to be an authorized statement by the defendant corporation of its profits for the year ending in March, 1887, and upon which plaintiff alleges he relied in making the purchase.

These rulings, admitting them to be erroneous, are not necessary to be considered, as they are harmless, for the reason that they have no bearing upon the question of rescission upon which alone the judgment and order herein are affirmed.

So ordered.

MCFARLAND, J., and DE HAVEN, J., concurred.