[Civ. No. 8218. First Appellate District, Division Two.—March 3, 1932.]

LAURA E. CAMPBELL, Respondent, v. TITLE GUARANTEE & TRUST COMPANY (a Corporation), Appellant.

Girard F. Baker, Willebrandt & Horowitz and George F. Baker for Appellant.

George L. Hampton for Respondent.

SPENCE, J.—Plaintiff brought this action seeking rescission of a contract to purchase real estate and the return of money paid thereunder. The cause was tried by the court sitting without a jury and from a judgment in favor of plaintiff, defendant appeals.

The property was located in the city of Burbank and was known as lot 14 in tract No. 9748, as shown on the official map of said tract recorded in the office of the county recorder of the county of Los Angeles on January 7, 1927. The legal title thereto was vested in defendant and the Realty Service Corporation was its selling agent. The written agreement for the purchase of this lot designated it by lot number with reference to the recorded map. Said agreement was signed by plaintiff and defendant on January 31, 1927. It contained the following provisions, which we will number to facilitate reference thereto:

(1) "It is expressly understood and agreed that time is of the essence of this agreement, and in the event of the failure of the Buyer to comply with all or any of the terms or conditions hereof in the manner and within the time herein specified, the same shall become null and void as fully as if it had never been made, and the Seller shall be released from all obligation in law or equity to convey said premises, and the Buyer shall forfeit all right thereto and to all moneys theretofore paid under this agreement . . . "

(2) "It is understood that this instrument contains the entire agreement between the parties, and the Buyer agrees that the Seller has not, and that no agent of the Seller has made any representation or promise with respect to, or affecting said property or this contract not expressly contained herein."

Plaintiff made the payments due under said contract up to October 30, 1927, and then defaulted. On May 16, 1928, plaintiff served a purported notice of rescission and thereafter brought this action. Plaintiff claimed the right to rescind solely by reason of alleged fraud consisting of an alleged misrepresentation by the salesman of the selling agent respecting the size of the lot. She alleged in her amended complaint that the lot had been represented to be a 54-foot lot, while in truth and in fact it was only a 40-foot lot; that she did not discover the falsity of the representation until August 17, 1927; and that she served notice of rescission on May 16, 1928. It will be noted that the notice of rescission was served when plaintiff was in default and not until nine months after the discovery of the alleged fraud. There was neither allegation nor proof of any excuse for the delay.

Counsel for appellant has submitted a lengthy brief urging several grounds for the reversal of the judgment. On the other hand, counsel for respondent has filed no brief and has entered into a stipulation to submit the cause on behalf of respondent "on the record of the case". If counsel for respondent felt that the judgment of the trial court could be sustained upon any ground it was his duty to his client and to this court to present a brief. His failure to do so cannot be treated otherwise than as a tacit admission that in his opinion the judgment must be reversed. A careful review of the entire record leads us to the conclusion that no other result can be reached.

We deem it unnecessary to discuss all of the contentions made by appellant. Much is said with respect to the insufficiency of the evidence to sustain the findings, but a discussion of this question would serve only to unduly prolong this opinion, for we are satisfied that respondent's amended complaint failed to state a cause of action for rescission of the contract. The right to rescind is governed by section 1691 of the Civil Code. Under the terms of that section the party entitled thereto must rescind promptly upon discovering the fraud. As was said in *Schneider* v. *Henley*, 61 Cal. App. 758, at 763 [215 Pac. 1036, 1038]: "Subdivision 1 of section 1691 of the Civil Code requires prompt action in case of rescission. . . . In *Marten* v. *Burns Wine Co.*, 99 Cal. 355 [33 Pac. 1107], it was held that a

delay of three months was too long. In the case of *Bailey* v. *Fox*, 78 Cal. 389 [20 Pac. 868], a delay of four months was held to be fatal, and in *Gamble* v. *Tripp*, 99 Cal. 223, 227 [33 Pac. 851], the Supreme Court said that a delay of four and a half months, in the absence of some excuse shown therefor, was certainly not the prompt action required by the code. From an examination of authorities, it would appear that thirty days is about the utmost length of time which the courts are disposed to allow to the purchaser for rescission unless there are unusual circumstances in the case excusing longer delay. (2 Black on Rescission and Cancellation, sec. 542, p. 1279.) . . . Plaintiffs neither alleged nor proved any excuse in justification of their long delay in rescinding and under the law they were guilty of laches." Here respondent alleged that she had knowledge of the alleged fraud in August, 1927. Her testimony showed that she had such knowledge in May or June, 1927, but confining ourselves to the allegations of the amended complaint, it appears that nine months elapsed before she served her notice of rescission. In the absence of allegations showing unusual circumstances excusing such delay her complaint was insufficient for it affirmatively appeared that she failed to act promptly and was therefore not entitled to rescind.

In reversing the judgment we deem this a proper case in which to direct the trial court to enter judgment in favor of appellant. Not only was the amended complaint insufficient to state a cause of action for rescission, but from the nature of the controversy, as disclosed by the uncontradicted evidence, it is apparent that respondent cannot prevail under any theory upon a retrial of the cause. She would not be entitled, in any event, to rescission for the added reason that she was admittedly in default at the time she attempted to rescind. (*Bryan* v. *Baymiller*, 95 Cal. App. 481 [272 Pac. 1106]; *Russell* v. *Penniston*, 55 Cal. App. 492 [203 Pac. 813].) She could not recover the sums paid as under the first above-quoted provision of the agreement, time was made of the essence and her unexcused default terminated her rights under the agreement and terminated all obligations of the seller. (*Schwerin Estate Realty Co.* v. *Slye*, 173 Cal. 170 [159 Pac. 420]; *Glock* v. *Howard*, 123 Cal. 1 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]; *Fresno Irr. Farms Co.* v. *Canupis*, 39 Cal. App. 184 [178

Pac. 300].) Furthermore, she could not succeed by amending and attempting to plead and prove a cause of action for damages for alleged fraud for under the second above-quoted provision of the agreement she was not entitled to rely upon any alleged oral representations made by the salesman. (*Gridley* v. *Tilson,* 202 Cal. 748 [262 Pac. 3]; *Munn* v. *Earle C. Anthony, Inc.,* 36 Cal. App. 312 [171 Pac. 1082]; *Tockstein* v. *Pacific Kissel Kar Branch,* 33 Cal. App. 262 [164 Pac. 906]; *Pease* v. *Fitzgerald,* 31 Cal. App. 727 [161 Pac. 506].)

The judgment is reversed, with directions to the trial court to enter judgment in favor of the defendant.

Nourse, P. J., and Sturtevant, J., concurred.