[Civ. No. 11338. First Appellate District, Division Two.—April 8, 1940.]

CLARENCE D. STOWE, Appellant, v. C. P. KAETZEL et al., Respondents.

Fred A. Shaeffer for Appellant.

C. P. Kaetzel, *in pro. per.*, and M. A. Fitzgerald for Respondents.

STURTEVANT, J.—This is an action brought by the plaintiff against the defendants to rescind the written contract of sale and deed and to recover the purchase price paid for certain real property. The action is in two counts. The first count is to rescind the contract and deed. The second count is to recover damages. The defendants had owned the property involved in this action and lived on the property for more than thirty years. In the early part of February, 1930, the plaintiff, desirous of purchasing some property in San Luis Obispo, contacted one Pete Bachino, who was employed by Ernest Vollmer, a real estate agent in San Luis Obispo. Pete Bachino contacted the defendants and thereafter the plaintiff agreed to purchase the real property from the defendants through Pete Bachino. At the time of purchase the plaintiff went upon the premises and inspected the property and on February 4, 1930, made a payment of $100 to bind the bargain. On February 8, 1930, the defendant C. P. Kaetzel, who is an attorney at law, prepared a contract of sale setting forth all of the terms and conditions of the agreement of sale, and thereafter, on or about the 11th day of February, 1931, prepared a deed to the property.

Marsh Street extends from the southwest to the northeast. The property in suit is located on the south line of that street. The record title of the property describes a trapezoid. It fronts on Marsh Street 126 feet. The sides are parallel. The north side is 150 feet. The south side is 160 feet. A straight line (length not given) connects the southeast ends of the side lines. A four-foot board fence extends across the lot. That fence intersects the north line at a point 105.75 feet back and it intersects the south line at a point 128.76 feet back. A dwelling is located on the front part of the lot. In

the back part and on the westerly side of the fence there are two sheds. As one passes along Marsh Street he has a view of the part enclosed back to the fence. Other facts will be stated as it becomes necessary to recite them.

■ The plaintiff complains because the trial court admitted proof of a written memorandum which the plaintiff contends had the effect of changing the terms of an unambiguous contract. We think the point has no merit. It was the contention of the plaintiff that the defendants misrepresented the size of the lot. He calls attention to the lengths of the sides of the lot as shown by the record title. He claims the defendants as his agents represented those dimensions to him. The same contention was made at the trial. On the other hand, during the trial the defendants earnestly contended that they did not make such representations. In support of that contention Mr. Kaetzel and Mr. Bachino testified directly. However, the defendants went further. They attempted to show that the contract of sale, and the deed which followed, each set forth the record title. However, to fully inform the purchaser Mr. Kaetzel prepared a written memorandum showing the variance between the description in the record title and the description as made by the boundary fences. That memorandum accompanied the written contract and, as claimed by the defendants, was signed by the vendors and vendees. Said instrument was executed in 1930 but at the time of the trial it had been lost or destroyed. The trial court allowed the defendants to make proof of the memorandum as a lost instrument. In doing so we think it did not err. Said memorandum in no manner attempted to vary the terms of the contract. The defendants in the written contract inserted no representation that they were in possession of the entire area covered by the record title and therefore the written memorandum did not conflict with the terms of the contract in any respect. Bearing in mind that the gravamen of plaintiff's complaint was the making of false representations, it is obvious the subject-matter of the written memorandum was material evidence, whether oral or in writing, and was therefore admissible.

■ In his next point the plaintiff asserts he had the right to rely upon the statements made by the defendants as to the area of the property and was not under any duty to make an independent investigation of the area of this property for

himself. The point seems to be presented *ex gratia*. We do not understand that the defendants contend to the contrary. On the other hand they offered evidence to the effect that they never made any misrepresentations. The trial court made a specific finding in their behalf. That finding is controlling in a court of review.

█ The trial court found the plaintiff's action was barred by the provisions of subdivision 1 of section 337, subdivision 4 of section 338, and subdivision 1 of section 339, and section 343 of the Code of Civil Procedure. The plaintiff asserts he did not have any knowledge that the property was not as represented in the contract until July, 1935, when he had a survey made. The action was commenced July 10, 1936. If there were no other evidence in the record the plaintiff's contention would have some merit. But the point presented by the plaintiff fails to take into consideration much evidence that was introduced by the defendants. As shown above, the written memorandum expressly informed the plaintiff as to the variance between the dimensions of the lot as enclosed and its dimensions as shown by the record title. Furthermore, Mr. Kaetzel testified that in April, 1931, he had a conversation with the plaintiff in which said variance was fully discussed. If the trial court believed that testimony, and from its findings we must assume it did, then the trial court was warranted in finding that the plaintiff had complete knowledge of the facts more than five years before the action was commenced. Under those circumstances the trial court correctly found that the action was barred by the statute of limitations.

The defendants make the contention the findings of the court that they never made any representations to the plaintiff as to the area or dimensions of the property are fully sustained by the evidence. It is sufficient to state Mr. Kaetzel and Mr. Bachino both testified directly that neither one made any representation whatever. Mr. Bachino testified that when on February 4, 1930, the plaintiff inspected the property, they were standing on the back porch looking at the board fence above mentioned and the plaintiff inquired if that fence was on the line. Mr. Bachino replied he presumed it was.

█ The defendants make the further contention that the purported rescission of the plaintiff was not made promptly

even though we assume plaintiff's testimony to be the only true facts stated by the witnesses. The survey was made in July, 1935. The plaintiff testified he knew of the variance in the dimensions "quite a little while" before the survey was made. No rescission was attempted until June 20, 1936, thus at least eleven months expired from the time of the survey to the date of rescission, and if we add the "quite a little while", spoken of by the plaintiff himself, we get a period of well over a year. Bearing in mind that all of the parties lived in the city of San Luis Obispo and that no other obstacles prevented, it may not be said the plaintiff acted promptly. (*Campbell* v. *Title Guarantee etc. Co.*, 121 Cal. App. 374, 376 [9 Pac. (2d) 264].)

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.