[Civ. No. 13277.   Second Dist., Div. Three.   June 8, 1942.]

ELMER M. CLANTON, Appellant, v. BESSIE N. CLAN-TON, Respondent.

F. A. Knight for Appellant.

Swaffield & Swaffield and Joseph E. Madden for Respondent.

SHINN, J.—In this case a demurrer was sustained to the second amended second cause of action of the complaint. Plaintiff declined to amend and judgment went for defendant. Plaintiff appeals.

In the briefs of counsel we are informed that the complaint originally contained two causes of action, the first for divorce on the ground of extreme cruelty, and the second for the annulment of a property settlement agreement for the alleged fraud of the defendant wife; also that plaintiff dismissed the first cause of action after a demurrer was sustained to the second amended second cause of action and prior to the entry of judgment in defendant's favor.

The record before us consists of a transcript and two supplemental transcripts certified by the county clerk but they do not contain a copy of the judgment roll nor any of the pleadings filed or orders made before the filing of the second amended second cause of action. No reason has been given for the failure to comply with the requirement of section 950 of the Code of Civil Procedure that a copy of the judgment roll be furnished as a part of the record on appeal. However, respondent has raised no objection and the case has been briefed with an apparent willingness upon the part of counsel that the questions presented should be decided on the record before us. This we have concluded to do for reasons which will be apparent, at the same time disavowing any intention of thereby establishing a precedent. If we had found ourselves confronted with difficulties due to the faulty record, some other course would have been necessary. (*H. & J. Mabury Co.* v. *Bryant*, (1937) 8 Cal. (2d) 704, 706 [68 P. (2d) 359]; *Curran* v. *Giometti*, (1937) 20 Cal. App. (2d) 405 [66 P. (2d) 1260]; *Johnson* v. *Johnson*, (1933) 133 Cal. App. 151 [23 P. (2d) 780]; *Busing* v. *Pierson*, (1940) 39 Cal. App. (2d) 241, 242 [102 P. (2d) 798].)

In the second amended second cause of action it was alleged that the marriage of the parties took place on June 12, 1917, that a property settlement agreement was executed April 22, 1938, copy of the agreement being attached to the complaint and which, we may assume, without deciding, purported to be a full and complete settlement and division of all property between the parties, both community and separate, and a waiver of the right of support, inheritance, etc. The agreement listed twenty parcels of real property, many of them including groups of lots in different tracts, and also listed twenty items of personal property, including certain described oil leases and subleases. One item including stocks and bonds identified by name twenty-three corporations and the number of shares held in each; it listed one insurance policy on the life of the husband payable to the wife, and one promissory

note for $700 made by the parties in favor of a bank. Under the agreement the husband received ten of the parcels of personal property, eight parcels of the real property, and a one-half interest in a ninth parcel of real property. The wife received ten of the parcels of personal property, eleven of the parcels of real property, and a one-half interest in one additional parcel. The properties so received were to be owned and held by the one receiving the same as his or her "sole, separate and individual property." The wife assumed the indebtedness of $700 to the bank and agreed to hold the husband harmless on account thereof and she released her interest as beneficiary under the insurance policy. Each of the parties released the other from any and all liabilities or obligations of maintenance or support and each waived and relinquished all right to inherit from the other and the right of administration upon and to receive any share of the estate of the other and any allowance therefrom. The agreement was carried into effect as to the property described therein by duly executed conveyances, presumably at or about the time of the execution of the agreement.

The charges of fraud were that the wife, to induce the husband to enter into the agreement, threatened to disgrace him in the community by publicly and falsely accusing him of having improper relations with another woman, unless he would execute the agreement, that she promised that she would live with him as a dutiful wife and would not publicly accuse him of having improper relations with any other woman if he would agree to the division of property. It was alleged that by reason thereof the husband consented to and did enter into the agreement. It was further alleged that defendant's promises were made without any intention of fulfilling them and that on May 16, 1938, she brought suit against a married woman living in the community, accusing her of alienating the affections of plaintiff and falsely accusing her and plaintiff of improper relations and that she caused notice of the filing of the suit to be published in most of the newspapers of Southern California; that she was guilty of almost daily abuse of the husband and finally made life so unpleasant for him that he was compelled to and did leave the home shortly after May 16, 1938. The sufficiency of the foregoing allegations to state actionable fraud is not questioned by counsel for defendant upon the appeal.

There were further allegations in the complaint to the effect

554

that at the time of the property settlement defendant had acquired with community funds and had in her possession certain stocks and bonds, the amount and value of which were unknown to plaintiff; that she falsely represented that the stocks, bonds, and funds described in the agreement were all that she had in her possession or which belonged to the community, and that plaintiff believed her representations, whereas in truth, unknown to plaintiff, the defendant was possessed of many thousands of dollars worth of securities belonging to the community which she failed and refused to disclose to plaintiff. All of the allegations as to the ownership of additional securities by the community were made upon information and belief.

The complaint failed to allege that plaintiff had given notice of rescission or had offered to restore to defendant her rights and interests in the parcels of community property which had been conveyed to plaintiff as his separate property by the terms of and pursuant to the property settlement agreement. Because of these omissions it is contended by defendant that the complaint failed to state a good case for rescission and that the order sustaining the demurrer upon this ground should be sustained. �some It is contended by plaintiff that the case is not one calling for strict rescission and that the statutory provisions requiring one who seeks to rescind to act promptly and to restore that which he has received under the agreement have no application. We are of the opinion that the case is strictly one for rescission of the agreement. The fact that the contract was between husband and wife does not take it out of the general rules.

▓ The complaint was defective in failing to allege any affirmative act of rescission or any offer to restore to defendant the rights which she surrendered under the agreement, prior to the institution of the action, and it was defective also in failing to allege a sufficient excuse for the long delay between plaintiff's discovery of the alleged fraud and the institution of the action. Section 1691 of the Civil Code imposes upon one who seeks to rescind the duty to act promptly and to make or offer restoration of what he has received under the contract. In *Hite* v. *Mercantile Trust Co.*, (1909) 156 Cal. 765 [106 Pac. 102], and *Estate of Sloan,* (1918) 179 Cal. 393 [177 Pac. 150], it was held that the duty to make restoration is applicable to attempted rescission of contracts between husband and wife and that it is a condition of the right to maintain an action to rescind.

It is not necessary in all cases that rescission be effected or that notice of the claim thereof be given or that the consideration for the contract be restored to the adverse party, prior to filing action. (*Meyer* v. *Haas,* (1899) 126 Cal. 560, 563 [58 Pac. 1042] ; *O'Meara* v. *Haiden,* (1928) 204 Cal. 354, 363 [268 Pac. 334, 60 A. L. R. 1381].) But, as said in the case last cited, at page 365, ''. . . when the purpose of the action is to cancel or set aside a contract on the ground of fraud, mistake, or other reason, then it is necessary for the plaintiff therein to rescind said contract and tender back the consideration received prior to the commencement of the action, or else he will be precluded from recovery . . .'' If the plaintiff here had pleaded that the contract which he executed purported to affect and dispose of property which he did not know of and had not intended to be included therein, such allegations would tend to bring the case within the doctrine enunciated in *Meyer* v. *Haas, supra.* But the effect of such pleading would be rather to exclude the unknown property from the operation of the contract than to rescind such contract as to property or rights on which it was operative.

We do not assume or decide that the contract does or does not purport to make a division of property not specifically described therein or whether such property would be subject to division in the event of a divorce without a rescission of the contract. As to the property that is described, the action is for rescission under circumstances that called for restoration by plaintiff; the case as it stands is not one for divorce.

In *McGue* v. *Rommel,* (1906) 148 Cal. 539 [83 Pac. 1000], at 548, it was held that even in those cases where an offer of restoration is excused rescission cannot be effected without the giving of ''some notice to the other party of such determination to extinguish the contract.'' See also *Brown* v. *Domestic Utilities Mfg. Co.,* (1916) 172 Cal. 733, 737 [159 Pac. 163].

A complaint which shows on its face unreasonable delay in bringing suit is vulnerable to demurrer upon that ground. Plaintiff must allege facts upon which he relies to excuse his failure to act promptly. (*Kleinclaus* v. *Dutard,* (1905) 147 Cal. 245, 250 [81 Pac. 516] ; *Superior California F. L. Co.* v. *Grossman,* (1916) 32 Cal. App. 357, 361 [162 Pac. 1046] ; *Garrity* v. *Miller,* (1928) 204 Cal. 454 [268 Pac. 622].) The rule applies with even greater force to rescission actions, in

which diligence is mandatory and a condition of the right to rescind. If it appears that there has been inaction which, if unexcused, would amount in law to plaintiff's sleeping on his rights, the complaint must state sufficient facts to show that notwithstanding the elapse of time there was diligence under the facts pleaded.

There have been many cases in which delays for much shorter periods than a year have been held to be fatal to the right to rescind. (*J. I. Case T. M. Co.* v. *Copren Bros.*, (1919) 45 Cal. App. 159 [187 Pac. 772]; *Bailey* v. *Fox*, (1889) 78 Cal. 389 [20 Pac. 868]; *Gamble* v. *Tripp*, (1893) 99 Cal. 223 [33 Pac. 851]; *Marten* v. *Paul O. Burns Wine Co.*, (1893) 99 Cal. 355 [33 Pac. 1107]; *Sanders* v. *Magill*, (1937) 9 Cal. (2d) 145, 155 [70 P. (2d) 159]; *Campbell* v. *Title Guarantee & Trust Co.*, (1932) 121 Cal. App. 374, 376 [9 P. (2d) 264]. See also *Toomey* v. *Toomey*, (1939) 13 Cal. (2d) 317 [89 P. (2d) 634].)

These common rules, as applied to the allegations of the complaint, call for an affirmance of the judgment.

Appellant concedes that it is only in exceptional cases that failure to make or offer restoration will be excused but contends that his case is one falling within the exceptions. His contention is that he got less than 20 per cent of the community property under the agreement and that under section 146 of the Civil Code upon dissolution of the marriage he would have been entitled to at least one-half of the community property; that in any event he would have been entitled to retain all that he received under the agreement and therefore was under no duty to make restoration. (*California Farm & Fruit Co. etc.* v. *Schiappa-Pietra*, (1907) 151 Cal. 732 [91 Pac. 593]; *Walsh* v. *Majors*, (1935) 4 Cal. (2d) 384 [49 P. (2d) 598]; *Matteson* v. *Wagoner*, (1905) 147 Cal. 739 [82 Pac. 436].)

The rule is as appellant contends, but it does not fit his case. It is not true that either spouse is entitled as a matter of law to receive at least one-half of the community property. In case of divorce on the ground of extreme cruelty or adultery it is the duty of the court to consider all of the facts of the case and the condition of the parties and, having those in mind, to exercise judicial discretion in apportioning the community property between them. (Civ. Code, § 146.) Even if it be assumed that in a complaint in an action such as this facts could be alleged showing an absolute right in plaintiff to retain in all events the property that he had

received under an agreement, the complaint before us wholly fails to do so. The allegation that plaintiff in any event would be entitled to retain all that he has received is a mere conclusion, unsupported by any allegations of fact or any rule of law. ■ No facts are alleged in the complaint which excuse plaintiff's failure to offer restoration before filing suit. And even if plaintiff had been excusable for such failure he would still have been under the duty to give notice to defendant of his intention to repudiate the contract.

■ We next take up the question of plaintiff's failure to act promptly. It affirmatively appears that plaintiff had knowledge of defendant's alleged fraudulent promises within a few weeks after the agreement was made and that a separation took place about May 16, 1938, as a consequence of defendant's abusive conduct. Plaintiff's second amended second cause of action seeking rescission of the agreement was filed twenty-two months thereafter and contained no allegations tendering any excuse for the delay. As heretofore stated, no pleadings antedating the second amended second cause of action are before us and we therefore are not advised as to the length of time, if any, which elapsed between the filing of the first pleading which sought rescission and the filing of the second amended second cause of action. We must assume, however, that no essentially different state of facts would have been disclosed by a more complete record, since the question of delay has been extensively argued and plaintiff has not considered it important to supply any additional facts for the record.

A brief consideration of the facts will suffice to show that plaintiff's neglect to act promptly is fatal to his right to rescind. Not even the slightest effort was made to excuse the delay. It is to be inferred that the separation of the parties was definite and permanent, since it was not alleged that there was any desire or effort on the part of either to effect a reconciliation. Defendant had released plaintiff from all obligation to contribute to her support and presumably had been supporting herself. It is to be assumed that defendant had been dealing with her share of the property as her own and that plaintiff had been doing likewise. During this long period of time each party had had the advantages and had suffered the disadvantages consequent upon their agreement. Had the complaint alleged that plaintiff withheld taking adverse action in an effort to effect a reconciliation with his

wife or to reach an amicable .adjustment of their differences, the trial court without doubt would have been indulgent in judging as to the sufficiency of facts alleged to excuse plaintiff's inaction, and had the trial court deemed the excuses sufficient we would not have had even a slight inclination to reach a different conclusion, but upon the complaint which had been amended twice we do not see how the court could have ruled otherwise than it did. In no case that we know of has it been held that unexcused inaction such as plaintiff was guilty of was consistent with the duty imposed by section 1691 of the Civil Code to act with reasonable diligence. This was the rule of courts of equity long 'before the adoption of the code. The elapse of time inevitably brings changed conditions with resulting advantages and disadvantages to the respective parties, and obstacles arise which make it difficult, if not impossible, to restore the parties to their former status, a desideratum of rescission which distinguishes it from other forms of relief. These considerations, which demand prompt action, were present in the instant case and no good reason has been shown why plaintiff's case should be treated as an exception to the general rule. The ruling on the demurrer was correct for the several reasons stated.

The judgment is affirmed.

Schauer, P. J., and Wood (Parker), J., concurred.