[Civ. No. 14731. Second Dist., Div. Three. Aug. 28, 1945.]

TOM C. KING et al., Appellants, v. LOS ANGELES COUNTY FAIR ASSOCIATION (a Corporation) et al., Respondents.

Oliver O. Clark and Robert A. Smith for Appellants.

Allard, Whyte & Brownsberger, Joseph A. Allard, Jr., Pacht, Pelton, Warne, Ross & Bernhard, Isaac Pacht and Clore Warne for Respondents.

FOX, J. pro tem.—This is an appeal by the plaintiffs from a judgment dismissing the action following an order sustaining, without leave to amend, defendants' demurrer to the first amended complaint.

It is alleged in the amended complaint that the Los Angeles County Fair (hereinafter referred to as the "predecessor corporation") and the defendant, Los Angeles County Fair Association (hereinafter referred to as the "successor corporation"), were domestic corporations; that the individual defendants were directors of both corporations and dominated and controlled the same; that each of the plaintiffs is the owner of shares of the predecessor corporation; that at the time plaintiffs acquired their shares in 1922, it was represented to them that the predecessor corporation was profit sharing and that plaintiffs bought their stock in reliance upon such representation; that in September, 1940, the individual defendants conceived a plan and subsequently consummated same, whereby the successor nonprofit corporation was organized, the assets of the predecessor corporation transferred to it without consideration, the predecessor corporation dissolved, with the stockholders of the latter who consented to

such plan receiving $10 per share out of the assets of the predecessor corporation; that the assets of the predecessor corporation prior to the transfer had a net value in excess of $500,000; that plaintiffs are now the sole owners of the shares of the predecessor corporation, and that such shares would be of a value substantially in excess of $100,000, if the transfer should be set aside, and otherwise would be without value.

A copy of the articles of the predecessor corporation is attached to and made a part of the amended complaint. It is there stated that the purposes for which the Los Angeles County Fair "is formed are to advance the agricultural and mechanical and' all other interest of every kind and nature of the County of Los Angeles, and vicinity, and for the competitive exhibition of farm products, live stock and trials of speed, mechanical products, and all other products of every kind and nature, and to promote the general interests of the community and for all other purposes for which such organizations are intended . . ." and "to carry on, promote, and conduct *all* business of said corporation *without profit to the stockholders thereof.*" (Italics added.)

Plaintiffs ask the following relief: that the acts of the individual defendants be declared fraudulent and set aside; that the dissolution of the predecessor corporation be vacated; and that the defendants be required to convey to the predecessor corporation, or to the persons interested therein, all the assets it conveyed to the successor corporation.

It is not alleged in the amended complaint that the plan to have the assets of the predecessor corporation conveyed to the successor corporation was to bring about a profit to the individual defendants or to freeze out the plaintiffs. The price of $10 per share which the individual defendants and all other consenting stockholders of the predecessor corporation received for their stock was the par value thereof as fixed by the articles of incorporation. It is not alleged that these three plaintiffs did not have the same opportunity as the individual defendants and other stockholders to cash in their stock at the same price. Also, it is not alleged that the plaintiff did not have proper notice and full knowledge of all the steps in the transfer of the assets in question from one corporation to the other or that any of them made any protest or objection thereto.

It is not alleged that the successor corporation is not carrying out the nonprofit public purposes for which it and the predecessor corporation, Los Angeles County Fair, were organized.

The number of shares in the predecessor corporation owned by the three plaintiffs is not stated in the amended complaint, but it is clear from their brief that theirs is a minority interest. (On oral argument it was stated the plaintiffs owned 20¾ shares out of a total of 1712 issued and outstanding.)

Although it is not alleged in the amended complaint, it is a fact of which the trial court, as well as this court, can take judicial notice that substantial sums of public moneys have been appropriated for the development of the Los Angeles County Fair. (Code Civ. Proc., § 1875, subd. 3; *Loranger* v. *Nadeau* (1932), 215 Cal. 362, 365 [10 P.2d 63, 84 A.L.R. 1264]; *Livermore* v. *Beal* (1937), 18 Cal.App.2d 535, 539-542 [64 P.2d 987]; § 13 of the Horse Racing Act as amended in 1935 [Stats. 1933, p. 2046; Deering's Gen. Laws, 1935 Supp., Act 3421].)

Reduced to its simplest terms, the situation, as disclosed by the amended complaint, is that these three plaintiffs are seeking to set aside a transfer of assets from one nonprofit, public use corporation, to another nonprofit, public use corporation, where no profit has been realized by anyone and where no concealment or misrepresentation has been practiced by those responsible for the transfer and no unequal advantage taken of the plaintiffs who, however, seek a profit for themselves.

The assets of the predecessor corporation were transferred to the successor corporation on February 21, 1941. The former corporation was dissolved on January 15, 1942. The plaintiffs filed this action on March 22, 1943—more than two years after the transfer of the assets and more than one year after the dissolution of the predecessor corporation.

By their demurrer the defendants, among other things, raise the statute of limitations and laches. They particularly rely on section 341, subdivision 3, Code of Civil Procedure, which provides that an action must be brought within six months "To set aside or invalidate any action taken or performed by a majority of the trustees of any corporation heretofore or hereafter dissolved by operation of law, *including the revivor of any such corporation.*" (Italics added.) Since more than a year elapsed between the dissolution of the pre-

decessor corporation and the filing of this action, it is clear that the right to vacate the dissolution of said corporation, which is part of the relief plaintiffs request, is barred by the italicized portion of the above code section. This, of course, includes any rights and relief dependent upon the revivor of said corporation.

The plaintiffs also seek to have the transfer of assets to the successor corporation declared void and the same vacated and set aside. In addition they seek an accounting. Such relief is purely equitable and consequently subject to the defense of laches which can be raised by demurrer. (*Livermore* v. *Beal, supra*, p. 548; *Kleinclaus* v. *Dutard* (1904), 147 Cal. 245, 250 [81 P. 516]; *Superior Cal. etc. Co.* v. *Grossman* (1916), 32 Cal.App. 357, 361 [162 P. 1046]; *Arnold* v. *Universal Oil Land Co.* (1941), 45 Cal.App.2d 522, 530 [114 P.2d 408]; *Clanton* v. *Clanton* (1942), 52 Cal.App. 2d 550, 555 [126 P.2d 639].) ''There is no artificial rule as to the lapse of time or circumstances which will justify the application of the doctrine of laches, and each case as it arises must necessarily be determined by its own circumstances.'' (*Marsh* v. *Lott* (1909), 156 Cal. 643, 647 [105 P. 968].)

In Ballentine on California Corporation Laws (1938 ed.), 186, section 201, it is said that ''Shareholders must act promptly or they will be barred by laches from questioning the validity of a sale and transfer of assets.''

These plaintiffs, however, did not file their complaint until two years and one month after the transfer of the assets to the successor corporation and not until one year and two months after the dissolution of the predecessor corporation. Also, nearly a year elapsed between the transfer of the assets and the dissolution. No facts or circumstances are alleged to excuse this delay and ''if circumstances that might excuse the delay are not alleged, it will be presumed that they do not exist.'' (*Kleinclaus* v. *Dutard, supra*, p. 250.)

The obligation on the part of these plaintiffs to act promptly if they desired equitable relief against the transfer of the assets is analogous to the duty of one who desires to rescind a contract because of misrepresentation and fraud to give notice thereof promptly. There are many cases in which delays for a shorter period than a year have been held fatal to the right to rescind. (See *Maginess* v. *Western Securities Corp.* (1918), 38 Cal.App. 56 [175 P. 277]—six months;

*Bailey* v. *Fox* (1889), 78 Cal. 389 [20 P. 868]—4 months; *Gamble* v. *Tripp* (1893), 99 Cal. 223 [33 P. 851]—4½ months; *Marten* v. *Paul O. Burns Wine Co.* (1893), 99 Cal. 355 [33 P. 1107]—3 months; *J. I. Case T. M. Co.* v. *Copren Bros.* (1919), 45 Cal.App. 159 [187 P. 772]—4 months; *Stowe* v. *Kaetzel* (1940), 38 Cal.App.2d 356 [101 P.2d 719]—11 months; *Sanders* v. *Magill* (1937), 9 Cal.2d 145 [70 P.2d 159]—4 months; *Campbell* v. *Title Guarantee etc. Co.* (1932), 121 Cal.App. 374 [9 P.2d 264]—9 months. ■ Under the circumstances of this case it clearly appears that the plaintiffs waited an unreasonable length of time before seeking equitable relief.

It cannot be said that this unreasonable delay has not operated to the disadvantage of interested parties. In this connection it must be borne in mind that there were stockholders in the predecessor corporation other than the three plaintiffs and the individual defendants. Also, the general public has an interest in the continued and unimpaired operation of either the successor or predecessor corporations. They have an investment in the Los Angeles County Fair. It has become an institution of great educational value to those interested in agriculture, horticulture, citrus and stock raising, as well as to those interested in the mechanical arts and sciences. Because of the lapse of more than six months after the dissolution of the predecessor corporation before the bringing of this action the court could not properly give judgment for the revival of that corporation. Hence, if the plaintiffs should succeed in setting aside the transfer of assets to the successor corporation they cannot be returned to its predecessor because it is legally dissolved. Thus the public purposes of both the successor and predecessor corporations would be thwarted and the public would be injured. The plaintiffs, however, have an alternative to that portion of their prayer which requests reconveyance of the assets to the predecessor corporation. That alternative is that the reconveyance be ''to the persons interested therein'' i. e. in the predecessor corporation. They, however, claim to be the only remaining stockholders of that corporation. That means, then, that if the predecessor corporation cannot be revived the assets conveyed to the successor corporation should be transferred to these three plaintiffs, who would apparently claim them as their own. The unfair advantage which they would thus obtain over all the other stockholders is obvious. In this

connection it is to be noted that this is not a representative suit brought on behalf of the plaintiffs and all other stockholders. For the foregoing reasons the demurrer was properly sustained.

The views herein make it unnecessary to consider other grounds urged by the respondents for affirmance of the judgment.

No abuse of discretion is shown in denying the plaintiffs further opportunity to amend their complaint.

The judgment is affirmed.

Desmond, P. J., and Shinn, J., concurred.