[L. A. No. 21515.  In Bank.  Feb. 8, 1952.]

MARY ESTRADA et al., Appellants, v. BEN ALVAREZ, Respondent.

Larweill & Wolfe and Charles W. Wolfe for Appellants.

C. Paul Du Bois for Respondent.

SCHAUER, J.—Plaintiffs appeal from a judgment for defendant entered after a demurrer to their third amended complaint ''(For Rescission and Money Paid Under Void Contract)'' had been sustained without leave to amend. The action grew out of a contract of conditional sale of a truck and trailer to plaintiffs, and defendant's repossession of the

vehicles. Plaintiffs contend that they have stated three causes of action: (1—"For Rescission"): They were induced to enter into the contract by fraud of defendant, they paid certain sums on account of the contract, defendant has received back everything he delivered under the contract, and plaintiffs are entitled to restitution of the sums paid to and for the benefit of defendant or, in the alternative, to damages for fraud. (2—"For Money Paid Under Void Contract"): The contract does not comply with section 2982 of the Civil Code, which requires that a contract for the conditional sale of a motor vehicle must recite certain matters (whether the down payment was by cash or trade-in, etc.); therefore, under the holding of *Carter* v. *Seaboard Finance Co.* (1949), 33 Cal.2d 564, 574, 588 [203 P.2d 758], plaintiffs can recover the sums paid under the contract. (3) Plaintiffs purport to allege a common count for money had and received.

We have concluded that the demurrer to the purported cause of action based on fraud was properly sustained, but that plaintiffs have stated a cause of action under the holding of the Carter case. The purported "third cause of action" uses the language of the common count for money had and received, but it also incorporates by reference all the allegations of the "second cause of action." The second and third "causes of action" are, therefore, identical and the "third cause of action" need not be separately discussed. (See *Orloff* v. *Metropolitan Trust Co.* (1941), 17 Cal.2d 484, 489 [110 P.2d 396].)

A copy of the contract is attached to the complaint as an exhibit and incorporated therein by reference. The contract is one of conditional sale as defined by section 2981 of the Civil Code (par. (a), subd. 1). Section 2982 sets forth the form and recitals required of such a contract. ■ The contract here violates section 2982 in the following respects: It does not recite the price at which the seller would have sold for cash (Civ. Code, § 2982, par. (a), subd. 1). It does not recite the amount of the "time price differential" or the "contract balance" (Civ. Code, § 2982, par. (a), subds. 7 and 8). Furthermore, subdivision 2 of paragraph (a) of section 2982 requires that the contract recite "The amount of the buyer's down payment, and whether made in cash or represented by the net agreed value of described property traded in, or both, together with a statement of the respective amounts credited for cash and for

such property.'' The contract here incorrectly recites that the down payment was $3,500 ''in cash,'' whereas, plaintiffs allege, the down payment which they actually made was a Buick automobile of the reasonable value of $3,800.

■■ According to the Carter case, ''The obvious purpose of the statute is to protect purchasers of motor vehicles against excessive charges by requiring full disclosure of all items of cost'' (p. 573 of 33 Cal.2d) ; the form and requisites prescribed by the statute are mandatory; a contract which does not substantially conform thereto is unenforceable; and a buyer who has made payments to the seller under such a contract may recover them because ''A member of the class for whose protection the statute was enacted is ordinarily not considered *in pari delicto* with those who violate the statute'' (p. 574 of 33 Cal.2d).

The third amended complaint, now before us, is plaintiffs' fifth attempt to state a cause of action. (They previously filed a complaint, an amended complaint, an amendment to the amended complaint, and a second amended complaint.) The legal theory of a cause of action under the holding of the Carter case is suggested for the first time by the language of the third amended complaint, but the essential facts constituting that cause of action have been pleaded in each of the complaints filed by plaintiffs. The situation as to the purported fraud cause of action is somewhat different; in their successive complaints plaintiffs have not merely attempted to present different legal theories, but also have changed and added to some of the facts pleaded. As a result of these changes and additions, facts which are fatal to plaintiffs' claimed right to restitution have been brought out.

The third amended complaint contains the following allegations: Plaintiffs were induced to enter into the contract by fraudulent representations that the truck and trailer were in excellent condition and would not need repair for two years, that certain equipment ''would be included with the vehicles in the purchase price,'' that defendant would assign to or obtain for plaintiffs a contract for hauling under which ''plaintiffs would receive a net profit of not less than $1,500 per month from the operation and use of said vehicles.'' The contract was executed and plaintiffs received the vehicles on July 19, 1947. Thereafter the vehicles ''had numerous mechanical breakdowns, due to . . . bad mechanical condition

at the time of delivery to plaintiffs'' and plaintiffs had to have many repairs made; for these repairs plaintiffs paid $4,289.82 (an amount equal to more than one-fourth the contract price). Plaintiffs discovered the fraud on March 1, 1948, more than seven months after receiving possession; on March 10, 1948, defendant took possession of the vehicles.

There is no explanation as to how plaintiffs could use the vehicles from July 19, 1947, until the end of February, 1948, and pay $4,289.82 for repairs, without discovering the falsity of material representations of defendant as to the condition of the vehicles. It should have been immediately obvious to plaintiffs that the promised equipment was not delivered with the vehicles and it should very soon have become apparent, if in truth it was the fact, that the vehicles were not in excellent mechanical condition. Nevertheless plaintiffs used the truck for more than seven months and during this period made payments thereon, although not exactly in the amounts and on the dates required by the contract.

But even if we assume that plaintiffs did not discover facts which should have put them on notice of the asserted fraud until March 1, 1948, plaintiffs cannot recover upon the theory of rescission because they have not, and it is apparent from the allegations of the successive complaints that they cannot, allege facts showing compliance with section 1691 of the Civil Code. That section provides:

''Rescission, when not effected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:

''1. He must rescind promptly, upon discovering the facts which entitled him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and,

''2. He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so.''

We may assume that plaintiffs became aware of their right to rescind at least before August 2, 1948, for on that date an attorney filed on their behalf a complaint which alleges the fraud which, plaintiffs now claim, entitled them to recover on the theory of rescission. The first mention of rescission is in the second amended complaint, filed October 1,

1949; the filing of this complaint did not effect a unilateral rescission by plaintiffs; it contained no allegation that plaintiffs had restored, or offered to restore, benefits received under the contract. The third amended complaint was filed November 10, 1949, at least 20 months after discovery of the fraud and at least 15 months after discovery of the right to rescind. It prays "That the court by its decree rescind the conditional sales contract," but contains no averment that plaintiffs had ever rescinded, or given notice that they had rescinded, the contract. It does contain an allegation which appears to be sufficient compliance with paragraph 2 of section 1691 of the Civil Code; it alleges that the possession and use of the vehicles by plaintiffs under the contract "have been without any value whatsoever to these plaintiffs." However, this allegation is basically contradictory to the allegation of the original complaint that plaintiffs were damaged in the sum of $5,000 by defendant's retaking the vehicles and depriving plaintiffs of the use thereof.

■ Because of their inexcusable failure to give prompt notice of rescission plaintiffs lost their right to rescind. The right to rescind is lost by delay because diligence is "a condition of the right to rescind," and "There have been many cases in which delays for much shorter periods than a year have been held to be fatal to the right to rescind." (*Clanton* v. *Clanton* (1942), 52 Cal.App.2d 550, 556 [126 P.2d 639], and *King* v. *Los Angeles County Fair Assn.* (1945), 70 Cal.App.2d 592, 596-597 [161 P.2d 468], which collect some of those cases; see, also, *Campbell* v. *Title Guarantee, etc. Co.* (1932), 121 Cal.App. 374, 377 [9 P.2d 264]; *Schneider* v. *Henley* (1923), 61 Cal.App. 758, 763 [215 P. 1036]; *Brown* v. *Domestic Utilities Mfg. Co.* (1916), 172 Cal. 733, 737 [159 P. 163]; *Ferguson* v. *Edgar* (1918), 178 Cal. 17, 19 [171 P. 1061].)

■ As previously stated, plaintiffs pray, in the alternative, for damages for fraud. Their original complaint attempted to state a cause of action for damages for breach of contract. (This attempt has been abandoned.) In pursuit of this contract remedy plaintiffs obtained an attachment. They are, therefore, estopped to pursue the tort remedy of damages for fraud. (*Steiner* v. *Rowley* (1950), 35 Cal.2d 713, 720 [221 P.2d 9].)

For the reasons above stated, the judgment is affirmed as to the first cause of action; the judgment is reversed as to

the second cause of action and the so-called "third cause of action" with directions to permit defendant to answer.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Spence, J., concurred.

EDMONDS, J.—I join in the conclusion that the first count of the complaint fails to state a cause of action based upon a rescission at law, and that Estrada, by pursuing his contract remedy to the detriment of the defendants, has waived his remedy in tort. In my opinion, the count also fails to state a cause of action in equity for a rescission. I, therefore, concur in the judgment.