[Civ. No. 18602.   Second Dist., Div. One.   Mar. 10, 1952.]

ALBERT B. ULRICH et al., Appellants, v. SAN JACINTO ESTATES et al., Defendants; ELLIOTT M. BANK et al., Respondents.

Paul J. Otto and Irvin C. Evans for Appellants.

Harry H. Licker and Charles A. Bank for Respondents.

HANSON, J. pro tem.—The primary question presented in this case is whether there was a failure to state a cause of action for rescission based on fraud, as the trial court held, merely because the complaint disclosed that the notice of rescission was not served until 72 days after the fraud was actually discovered.

In support of its ruling the trial court relied upon *Campbell* v. *Title Guarantee & Trust Co.*, 121 Cal.App. 374 [9 P.2d 264], where the court said that, "From an examination of authorities, it would appear that thirty days is about the utmost length of time which the courts are disposed to allow to the purchaser for rescission unless there are unusual circumstances in the case excusing longer delay." In ruling, as it did, in the instant case the trial court did not have the benefit of the Supreme Court's recent holding in

*Williams* v. *Marshall,* 37 Cal.2d 445 [235 P.2d 372], even though we freely concede that that decision is not in every respect a controlling precedent. In that case the court held that the trial court upon a hearing upon the merits was not in error in granting a rescission even though more than 15 months had elapsed between the date of the actual discovery of the fraud and the date on which the notice of rescission was served. However, it was there shown that in the interval the parties had negotiated to avoid litigation.

If, as the court held the trial court properly granted rescission, even though more than 15 months had elapsed between the actual discovery of the fraud and the service of the notice of rescission, because of the negotiations of the parties in the interval, it follows that the time element *alone* is not a controlling factor and that each case must be determined upon its own facts, i.e., upon the merits unless it is plain that the time element is so prolonged that as a matter of law no sufficient excuse could be shown on a trial upon the merits.

The complaint before us is devoid of any allegation implying that the land involved was improved; that the plaintiffs made any use of the land; that its value had decreased since the date the alleged fraud was discovered; that it was of a character subject to rapid fluctuation; that by any words or acts the plaintiffs had indicated an affirmance of the contract; that the vendors had changed their position or were prejudiced by the fact that a more prompt notice of rescission was not served upon them. Accordingly, we deem it plain that there is nothing shown in the circumstances disclosed upon the face of the complaint that tends to indicate an inexcusable delay on the part of the plaintiffs or any reason why it would be inequitable to enter upon an inquiry as to the merits of the claim.

As the trial court properly ruled that the complaint stated a cause of action for fraud, it follows that the right to a rescission on that ground was not eliminated as a matter of law, as the trial court ruled, merely because the plaintiffs delayed serving a notice of rescission for a period of 72 days after actual notice of the fraud. (*Cf. Wadleigh* v. *Phelps,* 149 Cal. 627, 633 [87 P. 93] ; *Zakaessian* v. *Zakaessian,* 70 Cal.App.2d 721, 727 [161 P.2d 677].)

The judgment is reversed with instructions to overrule the demurrer.

Doran, Acting P. J., and Drapeau, J., concurred.