[Civ. No. 27449.   Second Dist., Div. Two.   April 20, 1964.]

WAYNE PAGE, Plaintiff and Respondent, v. JOHN E. PREUSS, Defendant and Appellant.

Virgil J. Butler for Defendant and Appellant.

Martin L. Abrams and Harry D. Fox for Plaintiff and Respondent.

KINCAID, J. pro tem.*—Defendant appeals from a judgment in plaintiff's favor in the sum of $2,547.70 based upon a complaint seeking declaratory relief. The court found that on or about June 5, 1959, plaintiff and defendant John E. Preuss, individually and doing business as John E. Preuss Trucking Company, entered into an oral contract whereby plaintiff was to have the possession and use of a certain 39-ton, 60-foot, 1950 Ford truck and trailer; that plaintiff would operate and haul as an independent contractor using said truck and trailer; that defendant would act as plaintiff's freight agent; that defendant would collect all earnings from plaintiff's operation of said truck and trailer; that defendant would allocate 25 per cent of the gross of such earnings to plaintiff for his personal use, and 75 per cent thereof, less certain operating expenses, as credits towards the purchase price of said vehicles, and when said credits equalled the sum of $4,500, defendant would transfer legal title of said truck and trailer to plaintiff; that defendant would honestly and accurately account to plaintiff for said transactions. That pursuant to the contract terms, defendant kept all accounting records concerning said transaction, and collected all funds in regard thereto.

The court further found that pursuant to said oral agreement to purchase plaintiff worked as an independent contractor using the truck and trailer and on or about November 22, 1959, accumulated credits from defendant of $2,547.70 but did not become entitled to have the legal title to the vehicles transferred from defendant to plaintiff; that defendant owes plaintiff this sum on the basis of money had and received for plaintiff. That defendant rendered an accounting to plaintiff and the value of the vehicles on or about November 22, 1959, was $4,500. The court also found the contentions of defendant to be untrue that the terms of the oral agreement were that if plaintiff continued to work for defendant he would be permitted to purchase the truck and trailer for $4,500 but if he quit before completing the purchase he would be paid only

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

the same as other truck drivers and that defendant is not indebted to plaintiff.

The evidence fully supports the foregoing findings. Following frequent demands of plaintiff for an accounting commencing in June 1959, several discussions were held between plaintiff, defendant, the latter's wife, business associates of defendant and others. Mrs. Preuss was active in the management of the business during her husband's frequent absences and was one of his bookkeepers. Plaintiff contended he had accumulated at least $4,500 in credits so as to entitle him to receive title to the vehicles and defendant, personally and through his wife, submitted various figures for plaintiff.

Above November 16, 1959, defendant cut off any further credit to plaintiff. On December 3, 1959, defendant submitted a written accounting to plaintiff claiming that from the accumulated credits earned by plaintiff toward the agreed $4,500 purchase price of the vehicles there should first be deducted interest in the sum of $180, and other expenses, leaving a balance due plaintiff of $2,367.72. The effect of the court's finding that plaintiff had credits due him in the sum of $2,547.70 is that, in addition to the admitted credit due plaintiff of $2,367.72, the interest item of $180 charged was disallowed and was added to make up the sum found to be owing plaintiff by defendant.

█ The court properly found that the conditional sale contract for sale of the truck and trailer, being oral, was violative of section 2982 of the Civil Code.

Defendant contends that plaintiff can recover nothing herein without first having complied with the provisions of section 1691 of the Civil Code by giving notice of rescission and offer to restore benefits received by him. █ However, as pointed out in *General Motors Accept. Corp.* v. *Kyle*, 54 Cal.2d 101, 109, 110 [4 Cal.Rptr. 496, 351 P.2d 768], substantial violations of subdivision (a) of section 2982 of the Civil Code render the contract unenforcible by the seller and the buyer who has made payments to the seller under such contract can recover them. █ The rights of the buyer against the seller herein, arising from formal violations are in the nature of traditional rescission and restitution but without the need for prompt notice and offer to restore required by section 1691 of the Civil Code and plaintiff, as the buyer, can invoke the restitutive measure of recovery and obtain the total amount of that with which he parted, less any offset in an amount representing depreciation in the value of the

vehicles occasioned by the use made of them by the plaintiff while in his possession. See *Estrada* v. *Alvarez*, 38 Cal.2d 386, 389-391 [240 P.2d 278]; *Carter* v. *Seaboard Finance Co.*, 33 Cal.2d 564, 574 [203 P.2d 758].

■ An agreed fact in the joint pretrial statement of the parties is that the value of the subject truck and trailer on or about November 22, 1959, was $4,500 and the trial court so found. Since this was the agreed value and purchase price placed upon the vehicles when plaintiff first took possession of them pursuant to the oral conditional sales agreement of June 5, 1959, defendant has suffered no depreciation in value in the interim and is entitled to no offset therefor.

We have considered the several other points mentioned by defendant but in the light of the foregoing find them to be without merit. The judgment is affirmed.

Herndon, Acting P. J., and Roth, J., concurred.