[Civ. No. 48902. Second Dist., Div. Five. Apr. 27, 1977.]

*DELTA MANUFACTURING COMPANY et al.,
Plaintiffs, v.
GEORGE W. JONES, Defendant and Cross-complainant;
C AND J LYNCH COMPANY et al.,
Cross-defendants and Respondents;
BUDDY VAUGHAN, Defendant and Appellant.

*Reporter's Note: This case was previously entitled "Vaughan v. C and J Lynch Company."

**COUNSEL**

Jabin & Jabin for Defendant and Appellant.

Anderson, McPharlin . & Conners and Luther L. Jensen for Cross-defendants and Respondents.

**OPINION**

**HASTINGS, J.**—Defendant Buddy Vaughan (Vaughan) appeals from a judgment of contribution entered in favor of cross-defendants C and J Lynch Company (Lynch) and Rosie Frabl (Frabl).

FACTS

Plaintiffs, Delta Manufacturing Company (Delta) and Republic Machinery Company (Republic), filed separate complaints against George W. Jones (Jones), dba Astro Truck Service (Astro). Both Delta

and Republic alleged that they had hired Jones, a common carrier, to transport cargo to out of state destinations and that the cargo was damaged in transit.[1]

In both suits Jones answered and cross-complained against Lynch and Frabl (and others not parties to this appeal). The cross-complaints pertinent to this appeal alleged that Jones had agreed with insurance agents Lynch and Frabl that they would procure cargo insurance with Great Southwest Fire Insurance Company and Reserve Insurance Company for any liability not exceeding $100,000. Jones was told that the insurance was placed as ordered. When Jones learned of the claims against him he referred them to the insurance companies, but they denied coverage. Jones alleged that either there was coverage, in which case the insurance companies were liable for breach of contract, or there was no coverage, in which case Lynch and Frabl were liable for their negligent failure to obtain coverage.

The actions were consolidated for jury trial. The trial commenced on January 21, 1974, and concluded on February 8, 1974. During the trial the court allowed Delta to amend its complaint to conform to proof. The amendment added Jones, doing business as Astro Truck Service, Vaughan and Jones, doing business as Astro Truck Service, Vaughan doing business as Astro Truck Rental, and Vaughan as an individual.[2]

After the trial, the trial court gave jury instructions allowing the jury to find against Jones if they found him to be a common carrier, or negligent; against Vaughan if the jury found him to be a common carrier or negligent; and against Jones and Vaughan if the jury found them to be engaged in a joint venture as a common carrier, or principal and agent.

The jury rendered a general verdict; in favor of Delta, for $28,195, against Jones and Vaughan; in favor of Republic, for $6,375, against Jones and Vaughan; and in favor of Jones for $36,235.50 against Lynch and Frabl.[3]

---

[1]Both Delta and Republic alleged the liability of a common carrier and negligence. Republic also alleged breach of contract.

[2]A motion by Vaughan to amend the cross-complaints to include himself as a cross-plaintiff, opposed by Lynch and Frabl, was denied by the trial court. This probably was error, as both Jones and Vaughan were represented by the same counsel and were included as defendants as partners or joint venturers.

[3]Lynch and Frabl satisfied the judgment against them by issuing a joint check to Jones and Delta for $28,195 plus interest, and to Jones and Republic for $6,375 plus interest.

Subsequently Lynch and Frabl filed a motion for judgment for contribution against Vaughan pursuant to Code of Civil Procedure section 875, which he opposed. The court ordered judgment for contribution, and this appeal followed.

## DISCUSSION

"Prior to 1957, when the Legislature enacted sections 875-880 of the Code of Civil Procedure, the normal common-law rule, although subject to certain exceptions, was that one joint tortfeasor could not seek contribution or indemnity from another. Pursuant to Code of Civil Procedure, section 875, a limited right to contribution became available 'Where a money judgment has been rendered jointly against two or more defendants in a tort action . . . .' Where this section is not applicable, however, the general common law prevails and the party seeking contribution must bring himself within one of the exceptions to the rule." (*American Can Co.* v. *City & County of San Francisco,* 202 Cal.App.2d 520, 522-523 [21 Cal.Rptr. 33]; see also *Guy F. Atkinson Co.* v. *Consani,* 223 Cal.App.2d 342, 343-344 [35 Cal.Rptr. 750].)

■ Code of Civil Procedure section 875, subdivision (e), provides, "A liability insurer who by payment has discharged the liability of a tortfeasor judgment debtor shall be subrogated to his right of contribution." It is under this section and subdivision that Lynch and Frabl brought their motion for contribution.[4]

The issue on appeal is whether Lynch and Frabl are "liability insurers" of Jones within the meaning of Code of Civil Procedure section 875, subdivision (e), thus entitled to contribution from Vaughan. For the following reasons we conclude they are not.

Insurance Code section 23 defines an insurer as "The person who undertakes to indemnify another by insurance. . . ." Insurance is defined by section 22 of the Insurance Code to be ". . . a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from a contingent or unknown event." Therefore to be an insurer one

---

[4]Respondents' brief states: "It is submitted that the pleadings and judgment in the case clearly established a joint and several liability of Jones and Vaughan upon allegations of tortious liability. By their payment of the judgment against Jones, the respondent [Lynch] became *subrogated* to his [Jones] right and interest, and sought contribution from the co-defendant."

must undertake a contractual obligation to indemnify another from loss, damage, or liability from a continent or unknown event.

In the case at bar the cross-complaint by Jones against Lynch and Frabl sought damages for their negligent failure to obtain the insurance allegedly contracted for. Although the sums sought, and the eventual judgment, were the same that an insurer would be required to pay had there been coverage, this does not qualify Lynch and Frabl as "liability insurers."

This is clearly emphasized in *Mid-Century Ins. Co.* v. *Hutsel,* 10 Cal.App.3d 1065 [89 Cal.Rptr. 421], where Hutsel the appellant, an insurance agent, negligently failed to renew insurance of the insured Cousins that would have covered an accident. Another policy of insurance, which was issued by the respondent (Mid-Century), an insurance company, was in effect at the time of the accident, but it provided only excess coverage when other "collectible insurance" was available to satisfy the claim of the insured. Mid-Century contended the liability of the insurance agent to the insured was in effect a primary policy of "collectible insurance" and that its obligation was only for the excess of the insured's liability. The court in disagreeing made two comments pertinent to our present case. It said at pages 1068-1069, "The effect of the judgment is to require Hutsel to pay the first $10,000/$20,000 bodily injury and $5,000 property damage claims arising out of the accident of May 28, 1966, exactly as if he were an insurer who had issued a minimum coverage liability policy. . . .

"The gravamen of Mid-Century's co-plaintiffs' complaint against Hutsel· is that he negligently failed to provide such insurance. Whatever the nature of Hutsel's liability to Cousins . . . it may not be equated with the words, 'other collectible insurance available to the insured,' . . . *'The liability of one who breaches a contract to procure insurance is to pay damages, and is not that of an insurer.'* (*Bentley* v. *Fayas,* 260 Wis. 177, 186 [50 N.W.2d 404, 409, 29 A.L.R.2d 205].)" (Italics added.)

Although the facts of our case are somewhat different, the basic legal issue is practically identical. Mid-Century argued, unsuccessfully, that Hutsel, the agent who failed to obtain the insurance was in effect the insurer by reason of the judgment against him. Lynch and Frabl, whose position is identical to Hutsel, must in order to obtain contribution, qualify as the insurers of Jones. This they cannot do under the law cited

in *Mid-Century* above. They are not, nor do they equate with "liability insurers" as required by section 875, subdivision (e).[5]

The judgment is reversed with directions to dismiss.

Kaus, P. J., and Ashby, J., concurred.

---

[5]There was considerable evidence that Jones and Lynch were partners or joint venturers and Jones may have sought the insurance coverage for both, in which case contribution would also be disallowed. However, in view of our decision this possibility can remain unexplored.