

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In the Matter of: CHECKMATE STAFFING, INC.,

Debtor,

DIVERSIFIED PARATRANSIT, INC.,

Appellant,

v.

CHECKMATE STAFFING, INC.,

Appellee.

No. 08-60009

BAP No. CC-07-1300-PaDMo

MEMORANDUM*

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Montali, and Dunn, Bankruptcy Judges, Presiding

Argued and Submitted October 9, 2009
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: HALL and TALLMAN, Circuit Judges, and LAWSON,[**] District Judge.

Diversified Paratransit, Inc., ("DPI") timely appeals from a decision of the Ninth Circuit Bankruptcy Appellate Panel ("BAP") affirming the judgment of the bankruptcy court after trial of an adversary proceeding prosecuted by appellee Checkmate Staffing, Inc. ("Checkmate"), a Chapter 11 debtor. In the adversary proceeding, Checkmate obtained a money judgment of $467,500, which was the full amount due on open invoices for staff leasing services Checkmate performed for DPI pursuant to a written Service Agreement between the filing of the bankruptcy petition on December 29, 2003, and the expiration of the Service Agreement in April 2004.

DPI and its subsidiaries, Paul's Yellow Cab, Inc. and Inland Express, Inc., provide bus and taxi services to the public. DPI contends that the bankruptcy court abused its discretion by refusing to allow it to proceed under equitable theories of restitution or unjust enrichment to establish a claim for recoupment of amounts DPI paid to Checkmate pursuant to the Service Agreement to purchase workers' compensation and employer liability insurance policies covering the "employees" of Checkmate who were "leased back" to DPI—insurance Checkmate admits it did

---

[**]    The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

not purchase during the fourteen-month period from October 11, 2002, through December 19, 2003. The parties stipulated that the total amount DPI paid to Checkmate to obtain insurance for that period exceeded the $467,500 DPI admitted was due and owing for post-petition services Checkmate performed for DPI.

Checkmate counters that the bankruptcy court properly held DPI to its burden of proving actual damages for Checkmate's breach of contract and the inadequacy of its remedy at law, before it would consider equitable forms of relief. Checkmate further contends that judgment in its favor for the full $467,500 was properly entered, without offset, because DPI failed to carry its burden of proof as to both of those issues. Checkmate contends, in the alternative, that restitution was not an appropriate remedy in the circumstances of this case because DPI continued to accept services from Checkmate for almost four months after the filing of the bankruptcy petition without ever asserting a right to rescission of the Service Agreement, even though it had learned of Checkmate's failure to obtain appropriate insurance as much as four months *before* the petition was filed.

In an appeal from the BAP, we independently review the bankruptcy court's decision, reviewing any conclusions of law de novo, while reviewing findings of fact for clear error. *In re Reynoso*, 477 F.3d 1117, 1120 (9th Cir. 2007). The bankruptcy court's choice of remedies is reviewed for an abuse of discretion. *See*

*In re Lopez*, 345 F.3d 701, 705 (9th Cir. 2003). This general standard of review is consistent with California law governing contract claims: "The selection of which measure of damages to apply is within the sound discretion of the trier of fact." *GHK Assocs. v. Mayer Group, Inc.,* 224 Cal.App.3d 856, 874 (1990). We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

Contrary to DPI's argument, the bankruptcy court did not foreclose equitable theories of relief, but only required DPI first to establish: (1) its actual damages under California Civil Code section 3300 (hereafter, "section 3300") for Checkmate's breach of contract;[1] and (2) the inadequacy of its remedy at law. As the BAP noted, there are no exceptions to section 3300 elsewhere in the California Codes establishing a different measure of damages for breach of a contract by a private party to obtain insurance for another party, and both the bankruptcy court and the BAP relied on a substantial body of California case law establishing the general rule that one who fails to procure insurance as requested will be liable for

---

[1] Section 3300 provides, in full:

For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom.

any resulting damage. *Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Assocs., Inc.*, 115 Cal.App.4th 1145, 1153 (2004); *Saunders v. Cariss*, 224 Cal.App.3d 905, 909 ( 1990); *see also Davidson v. Welch,* 270 Cal.App.2d 220, 236-37 (1969) (damages for a failure to procure insurance required by a contract are measured by the expenses incurred by the party for whom insurance was to be provided in defending or settling a claim that would have been covered by that insurance).[2] The bankruptcy court did not abuse its discretion in selecting the measure of damages to be applied in fashioning a remedy for Checkmate's admitted breach of contract. *See GHK Assocs.,* 224 Cal.App.3d at 873-74.

Nor did the bankruptcy court err in finding that DPI failed to carry its burden of proof as to both the amount of damages and the adequacy of its remedy at law. DPI had fifteen months to prepare for trial in light of the bankruptcy court's December 2005 ruling that it would apply the "actual damages" measure of

---

[2] Both the California Civil and Insurance Codes have provisions dealing with the failure of an insurer to provide coverage under an insurance policy, but these special provisions apply only to insurance companies, and not to entities that contractually undertake to obtain insurance coverage from insurance companies for the benefit of other parties. *Delta Mfg. Co. v. Jones*, 69 Cal.App.3d 428, 432-33 (1977) (the liability of a party who breaches a contract to procure insurance is to pay damages, and is not that of an insurer). Thus, DPI's reliance on *Albillo v. Intermodal Container Services, Inc.*, 114 Cal.App.4th 190 (2003), and *Rattan v. United Services Automobile Ass'n*, 84 Cal.App.4th 715 (2000), both of which deal with the special responsibilities of insurers, is misplaced.

damages under section 3300 at the second stage of the bifurcated trial in March 2007. DPI simply failed to produce competent, admissible evidence to prove any amount of actual damages proximately caused by Checkmate's breach of contract, clinging to its belief that it would be "impossible" to prove actual damages with "reasonable certainty," and that the *only* appropriate remedy would be restitution of the amounts it paid Checkmate to purchase appropriate insurance policies.

The bankruptcy court carefully reviewed all of the evidence DPI presented at trial[3] and prepared detailed findings of fact, conclusions of law, and a well-reasoned written decision rejecting DPI's claim for recoupment. The bankruptcy court specifically held that DPI failed to carry its burdens of proof as to actual damages and the inadequacy of its remedy at law. The BAP carefully considered each of DPI's claims of error, including those DPI raises in this appeal. We find no abuse of discretion or other reversible error in the decisions of the bankruptcy court or the BAP as to these issues.

In addition, the BAP considered and accepted Checkmate's alternative argument that restitution was not, and could not have been, an appropriate remedy

---

[3] The bankruptcy court excluded significant portions of DPI's evidence, finding much of it to be lacking in foundation, irrelevant, inadmissible hearsay, and improper expert testimony. In this appeal, DPI does not challenge any of the bankruptcy court's rulings on the admissibility of evidence it presented at trial.

on the facts of this case. The aggrieved party in an action for breach of contract under California law may elect restitution as a remedy for breach of contract in some circumstances, but only when it follows rescission of the contract. *See Oliver v. Campbell*, 43 Cal.2d 298, 302 (1954). Moreover, a party seeking rescission must invoke that remedy "promptly" upon discovering grounds justifying rescission. *See* Cal. Civ. Code § 1691. California courts have interpreted this "promptness" requirement strictly, demanding action by the aggrieved party within a month of discovery of the breach unless an adequate explanation for delay is provided. *Campbell v. Title Guar. & Trust Co.*, 121 Cal.App. 374, 377 (1932); *Gedstad v. Ellichman*, 124 Cal.App.2d 831, 834 (1954).

In this case, DPI admits it became aware of Checkmate's failure to procure insurance sometime prior to December 29, 2003,[4] and probably no later than August 2003, when one of DPI's subsidiaries was denied access to the Los Angeles and Ontario Airports because its drivers did not have appropriate workers' compensation coverage. In spite of this knowledge, DPI continued to accept Checkmate's performance under the Service Agreement for over eight months, four of which were post-petition. Indeed, DPI never notified Checkmate that it

---

[4] It is also undisputed that Checkmate obtained the insurance required by the Service Agreement in early December 2003, before it filed for bankruptcy.

-7-

intended to rescind the Service Agreement; it simply continued to accept

Checkmate's services, allowed the contract to expire in April 2004, and replaced

Checkmate with another service company. Under these facts, the remedy of

restitution was not available to DPI pursuant to an election of remedies because the

Service Agreement was never rescinded, promptly or otherwise.

**AFFIRMED.**