**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN BOURBEAU, | No. 15-55950 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-09069-FMO-JCG |
| v. | |
| COGNITIVE CODE CORPORATION, a Delaware corporation; et al., | ORDER AMENDING |
| Defendants-Appellees. | |

| | |
|---|---|
| JOSEPH G. ODISH and CRANBROOK CAPITAL CONSULTING GROUP, LLC, a Michigan limited liability company, | No. 15-56086 |
| | D.C. No. 2:12-cv-09069-FMO-JCG |
| Plaintiffs-Appellants, | |
| v. | |
| COGNITIVE CODE CORPORATION, a Delaware corporation; et al., | |
| Defendants-Appellees. | |

Before: CLIFTON and OWENS, Circuit Judges, and ANTOON,[*] District Judge.

The memorandum disposition filed April 14, 2017, is amended as follows:

On page 7, lines 3-5, replace:

"We lack jurisdiction over any appeal brought on behalf of Cranbrook because Cranbrook has not retained counsel for this appeal. *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004)."

with:

"Though Odish identified himself on the brief he filed as appearing "in pro per," a term which is customarily used to describe a person who handles his own case without a lawyer, it appears that he became a member of the bar of this court before filing the appeal on behalf of himself and Cranbrook. Cranbrook therefore had counsel for this appeal. That did not undo the fact that Cranbrook had not appeared with counsel before the district court, however. The district court thus did not abuse its discretion by dismissing Cranbrook under Federal Rule of Civil Procedure 41(b) for failure to retain counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through

---

[*] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

2

licensed counsel." (citation omitted)); C.D. Cal. L.R. 83-2.2.2 (providing that limited liability corporations may not appear in any action or proceeding in the Central District of California unless represented by counsel)."

With the foregoing amendment to the memorandum disposition, Plaintiffs-Appellants' petitions for panel rehearing (Docket Nos. 59 and 60) are DENIED. No further petitions for rehearing will be accepted in this case.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN BOURBEAU, | No. 15-55950 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-09069-FMO-JCG |
| v. | AMENDED MEMORANDUM[*] |
| COGNITIVE CODE CORPORATION, a Delaware corporation; et al., | |
| Defendants-Appellees. | |

| | |
|---|---|
| JOSEPH G. ODISH and CRANBROOK CAPITAL CONSULTING GROUP, LLC, a Michigan limited liability company, | No. 15-56086 |
| Plaintiffs-Appellants, | D.C. No. 2:12-cv-09069-FMO-JCG |
| v. | |
| COGNITIVE CODE CORPORATION, a Delaware corporation; et al., | |
| Defendants-Appellees. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted April 7, 2017
Pasadena, California

Before: CLIFTON and OWENS, Circuit Judges, and ANTOON,[**] District Judge.

Plaintiffs-Appellants John Bourbeau, Joseph G. Odish, and Cranbrook Capital Consulting Group, LLC appeal the district court's order granting summary judgment for Defendants-Appellees Cognitive Code Corporation, Leslie Spring, Mimi Chen, John Chen, and Sal DiFazio (together, Defendants). Odish and Cranbrook also appeal numerous interlocutory rulings from the district court. We have jurisdiction under 28 U.S.C. § 1291, and we reverse in part, affirm in part, and remand for further proceedings.

1.      Bourbeau and Odish challenge the district court's summary judgment order on four principal grounds: (1) the subject agreements are not voidable on grounds of undue influence; (2) Defendants' counterclaims for rescission are barred under Bourbeau's affirmative defenses of waiver, ratification, and laches; (3) Bourbeau's rights under the subject agreements are severable; and (4) Bourbeau is entitled to quantum meruit. As we explain below, we reverse the entry

---

[**]      The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

of summary judgment against Bourbeau on the issues of ratification and waiver, but affirm the entry of summary judgment for Defendants as to all other issues and parties. We remand for further proceedings to determine whether Defendants either ratified the subject agreements as to Bourbeau or waived their right to rescind the subject agreements as to Bourbeau.

A. *Voidability.* The district court did not err by granting summary judgment for Defendants on the issue of whether the subject agreements are voidable on grounds of undue influence. The district court correctly applied California law to determine the enforceability of the subject agreements, and the undisputed facts establish that Odish violated California Rule of Professional Conduct 3-300 by serving as the company's attorney while entering into the subject agreements, and that Odish failed to rebut the presumption of undue influence under California Probate Code § 16004 by showing that the subject agreements met the requirements for both substantive and procedural fairness.

B. *Waiver.* Under California Civil Code § 1691, the party seeking to rescind a contract must, among other things, provide prompt notice of rescission. Under California's discovery rule, the time for providing notice of rescission runs from the time of inquiry notice: that is, when "the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a

3

factual basis for its elements." *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008) (internal quotation marks and citation omitted); *see also DM Residential Fund II, LLC v. First Tenn. Bank, Nat'l Ass'n*, 813 F.3d 876, 877-78 (9th Cir. 2015). California courts have interpreted section 1691's promptness requirement strictly. *See Campbell v. Title Guarantee & Trust Co.*, 9 P.2d 264, 265 (Cal. Ct. App. 1932); *see also Diversified Paratransit, Inc. v. Checkmate Staffing, Inc.* (*In re Checkmate Staffing, Inc.*), 359 Fed. App'x 736, 739 (9th Cir. 2009) (collecting cases). Failure to provide prompt notice of rescission under section 1691 may result in implied waiver of the right to rescind. Witkin, 1 Summary of California Law, Contracts § 939 (10th ed.).

In opposition to summary judgment, Bourbeau presented sufficient evidence to raise a genuine dispute of material fact regarding Defendants' notice of their right to rescind. This evidence included deposition testimony from Leslie Spring stating that in June 2011, eighteen months before Defendants filed their counterclaims for rescission, he began investigating the validity of the subject agreements and determined that the agreements were possibly invalid under California law, as well as deposition testimony from Mimi Chen stating that after discussing the validity of the agreements with Spring, she then consulted with two of the company's business advisors, who also suggested that there was a conflict.

4

Given California's strict notice requirements, Defendants' purported eighteen-month delay in seeking rescission is sufficient to create a genuine dispute of material fact regarding waiver. The district court therefore erred by granting summary judgment for Defendants on the issue of waiver.

  C. *Ratification.* As with waiver, to establish the affirmative defense of ratification, the party asserting ratification must show, among other things, that the rescinding party had notice of the grounds for rescission. *Union Pac. R. Co. v. Zimmer*, 197 P.2d 363, 368 (Cal. Ct. App. 1948). As discussed above, Bourbeau presented sufficient evidence to create a genuine dispute of material fact regarding Defendants' notice of their right to rescind. The district court therefore erred by granting summary judgment for Defendants on the issue of ratification.

  D. *Laches.* Unlike with ratification and waiver, the district court did not err in granting summary judgment for Defendants on the issue of laches. As the district court correctly held, under California law, Defendants' affirmative defense of undue influence is not barred by laches. *See Styne v. Stevens*, 26 P.3d 343, 350 (Cal. 2001); 2 Cal. Affirmative Defenses § 46:1 (2d ed.) (undue influence).

E. *Severance.* The district court did not err by granting summary judgment for Defendants on the issue of severance. As the district court correctly held, under California law, Bourbeau's rights under the subject agreements were not severable because the agreements were the direct product of Odish's undue influence, and by their terms expressly contemplated the performance of both Odish and Bourbeau. *See BGJ Assocs., LLC v. Wilson*, 7 Cal. Rptr. 3d 140, 146-51 (Ct. App. 2003).

F. *Quantum meruit.* The district court did not err by rejecting Bourbeau's request for quantum meruit as procedurally improper. *See Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 435 & n.19 (9th Cir. 2011). On remand, however, the district court may consider whether Bourbeau may seek leave to amend his pleadings under Federal Rule of Civil Procedure 15 to allege a claim for quantum meruit.

2. In addition to the district court's summary judgment order, Odish also appeals approximately forty interlocutory rulings from the district court, including the district court's rulings regarding Rule 11 sanctions, terminating sanctions, a motion to disqualify former counsel, and a motion to recuse the district court. We reject these arguments on appeal because they either are unmeritorious; waived,

6

*Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003); or fail

to establish prejudicial error, *Obrey v. Johnson*, 400 F.3d 691, 699 (9th Cir. 2005).[1]

3.      Though Odish identified himself on the brief he filed as appearing "in pro per," a term which is customarily used to describe a person who handles his own case without a lawyer, it appears that he became a member of the bar of this court before filing the appeal on behalf of himself and Cranbrook. Cranbrook therefore had counsel for this appeal. That did not undo the fact that Cranbrook had not appeared with counsel before the district court, however. The district court thus did not abuse its discretion by dismissing Cranbrook under Federal Rule of Civil Procedure 41(b) for failure to retain counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." (citation omitted)); C.D. Cal. L.R. 83-2.2.2 (providing that limited liability corporations may not appear in any action or proceeding in the Central District of California unless represented by counsel).

---

[1]      In affirming the district court's judgment against Odish, we did not rely on either the allegations in Odish's motion for an extension or the materials that are the subject of Defendants' request for judicial notice. Accordingly, we deny as moot Defendants' motion to strike and their request for judicial notice.

Costs are to be taxed against Odish and Cranbrook in favor of Defendants.

As between Bourbeau and Defendants, costs are to be borne by the parties.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**